**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TONYA ROLLINS<br><br>            PLAINTIFF,<br>V.<br><br>HEERY INTERNATIONAL, INC.<br><br>            DEFENDANT | CIVIL ACTION NO.<br>3:01CV951 (CFD)<br><br><br><br><br><br>DECEMBER 31, 2003 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITION OF DANIEL WISE**

**I.    INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 30 the Plaintiff, Tonya Rollins requests leave of court to conduct an additional deposition of Daniel Wise, the Defendant Heery's Director of Human Resources which was completed by the Plaintiff on January 24, 2003 in Washington, D.C. As set forth in detail below, the reason for this request is that the Plaintiff's counsel received relevant documents from the Defendant on February 24, 2003 after Mr. Wises' deposition was complete.

1

## II.     PROCEDURAL AND FACTUAL BACKGROUND

In this action, the Plaintiff, Tonya Rollins alleges racial and sexual discrimination as well as retaliation by the Defendant Heery arising out of her employment. The Plaintiff, Tonya Rollins is a black female and was employed by the Defendant Heery from October 13, 1997 through August 13, 1999 .

When she was hired and during her employment with Heery, the Plaintiff Rollins was supervised by Terri Doll-Butler, a while female employee of L.C. Associates, Inc.[1] and Manager of Heery's Document Control Department.  Doll-Butler reported to Alan Hevey, an employee of Heery who was the overall supervisor of Heery's Old Saybrook facility.

Of particular relevance to the instant motion is the fact that shortly after the Plaintiff complained in April, 1999 of the Defendant's failure to promote her because of her race,  the Plaintiff alleges that Ms. Doll-Butler began closely monitoring her work performance, attendance and whereabouts throughout the workday, although she did not monitor the work habits and whereabouts of any other employee in the department in this manner. See Complaint at ¶¶ 14-15. She asked that Mr. Wise investigate and do something about it and he allegedly

---

[1] L.C. Associates was a subcontractor for Heery and although L.C. Associates was originally a defendant herein, the Plaintiff  Rollins has since settled and withdrawn her claims against it.

2

advised Ms. Doll-Butler that she could not single out one staff member. See Notes of Mr. Wise dated May 28, 1999 attached hereto as Exhibit A.

After this action was commenced, on May 22, 2002 the Defendant, Heery International, Inc. noticed the deposition of L.C. Associates, Inc., a former defendant herein, for May 24, 2002 and issued a subpoena duces tecum to the Custodian of the Records for L.C. Associates, Inc. seeking the production of numerous documents. See Notice of Deposition and Subpoena Duces Tecum attached hereto as Exhibit B.

On May 22, 2002 the very same date, Defendant postponed L.C. Associates' deposition on the basis that L.C. had allegedly represented that it would produce the requested files for copying. However, the Defendant never produced copies of any documents it had received from L-C Associates to the Plaintiff at any time prior to the Plaintiff's deposition of Dan Wise on January 24, 2003 nor was the Plaintiff's counsel aware that the Defendant's counsel had actually received and/or copied any documents from L-C Associates.

In fact, it was not until February 12, 2003, after Plaintiff's counsel subpoenaed from L.C. Associates the very same documents that the Defendant's had previously subpoenaed, and after opposing counsel apparently discovered a conflict of interest[2] relating to the proposed deposition

---

[2] The Defendant's prior counsel's law firm had represented L.C. for two years in an ongoing criminal investigation.

3

of L-C Associates which was noticed by the Plaintiff's counsel, that opposing counsel finally acknowledged that she had received such documents. On February 26, 2003, that Plaintiff's counsel finally received hundreds of documents which were received by Heery's counsel from L-C Associates back in May, 2002.

Many of the documents are relevant and material to the issues addressed during the deposition of Dan Wise, which by agreement of the parties was conducted in Washington, D.C. on January 24, 2003 with each party bearing their own travel expenses and costs. Specifically, in her complaint, the Plaintiff alleges that after she complained about the failure to receive a promotion, Ms. Doll-Butler began closely monitoring her work habits even though she did not single others out for similar treatment. One of the documents produced by the Defendant on February 24, 2003 after Mr. Wise had been deposed, reflects that David Cowart, another black individual who was a supervisor in the Document Control Department resigned in March 1999 as a result of harassment he received from Ms. Doll-Butler which harassment consisted of singling him out. See Exhibit C attached hereto.

Such similarities between the claims of two black individuals working in the same department at different times is clearly relevant and material to the Plaintiff's claims of discrimination and warrant further discovery. However, since the L-C documents were never produced by the Defendant prior to taking Mr. Wise's deposition, the undersigned had no

4

opportunity to depose Mr. Wise on the contents of such documents.

### III. LEGAL ARGUMENT

Fed. R. Civ. Proc. 30(2) states in pertinent part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if….without written stipulation of the parties…
> (B) the person to be examined already has been deposed in the case….

Fed. R. Civ. Proc. 26(b)(2) provides in pertinent part:

> …The frequency of extent of the use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that : (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues….

In the instant case, Plaintiff has never had an opportunity to depose Mr. Wise regarding the L-C documents received from the Defendant's counsel on February 26, 2003. Likewise, such documents and Mr. Wise's testimony regarding same are clearly relevant and important to resolving at least one of the claims in this case, i.e. whether the Defendant

5

discriminated against the Plaintiff based upon her race.  As such the benefit of a further deposition in order to inquire of Mr. Wise about the content of such documents, clearly outweighs any costs associated with same.

## III.     CONCLUSION

    For all the foregoing reasons, the Plaintiff Rollins respectfully requests leave of court in order to conduct an additional deposition of Mr. Wise about the contents of the documents received on February 24, 2003.

    By:_____  
    Holly Quackenbush Darin (Ct. 10183)  
    Michael E. Satti (Ct. 01311)  
    Satti & Satti, P.C.  
    225 State Street, Suite 200  
    New London, CT 06320  
    (860) 447-8975  
    -Her Attorneys-

## **CERTIFICATION**

The undersigned hereby certified that the foregoing motion was mailed, first class, postage prepaid, this 31st day of November 2003 to all counsel and pro se parties of record as listed below:

Robert L. Keepnews
Suzanne M. LaPlante
Berman & Sable
1 Financial Street
Hartford, CT 06103

_____
Holly Quackenbush Darin

7