FILED

2004 JAN 26 P 3: 06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD, CT.

| TONYA ROLLINS | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:01CV951 (CFD) |
| | : | |
| V. | : | |
| | : | |
| HEERY INTERNATIONAL, INC., | : | |
| Defendant | : | JANUARY 26, 2004 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITION
OF DAN WISE**

The Defendant, Heery International, Inc. ("Heery") hereby objects to the "Plaintiff's Request for Leave to Conduct Additional Deposition of Dan Wise", dated December 31, 2003, ("Request") filed by the Plaintiff, Tonya Rollins ("Plaintiff"). In sum, the Request is without merit in that Plaintiff conducted an exhaustive deposition of Dan Wise ("Wise") last year, knowing she did not then have documents from L.C. Associates' files. Further, the Request clearly seeks to obtain, by way of said deposition, information irrelevant to Plaintiff's racial discrimination claims. Said Request therefore is unwarranted and should be denied.

**ORAL ARGUMENT REQUESTED**

## FACTUAL BACKGROUND

The Plaintiff commenced this action against Heery, claiming discrimination by Heery in allegedly (1) not hiring her as an Assistant Supervisor of Document Control, (2) creating an intimidating and offensive work environment, and (3) terminating her, in retaliation for her filing complaints with the Connecticut Commission on Human Rights and Opportunities. See Plaintiff's Complaint, dated May 25, 2001 ("Complaint"). The Plaintiff also sought similar relief against L.C. Associates, Inc. ("L.C. Associates") in the Complaint. The Plaintiff and L.C. Associates, however, resolved their differences, and the Plaintiff and L.C. Associates filed a "Stipulation of Dismissal with Prejudice", on April 4, 2002 as to Plaintiff's claims against L.C. Associates. See "Stipulation of Dismissal with Prejudice", dated April 3, 2002.

Thereafter, the Plaintiff continued to proceed with discovery as to her aforementioned claims against Heery. On January 23, 2003, by agreement of the parties, Plaintiff deposed Wise, a human resources director at Heery's office in Atlanta, Georgia. See "Re-Notice of Deposition", dated January 21, 2003. A copy of said Re-Notice is attached hereto as **Exhibit A**. At said deposition, Plaintiff subjected Wise to a day-long examination in Washington, D.C. Said examination concerned an exhaustive list of topics pertaining to Plaintiff's Complaint. In particular, Plaintiff asked Wise about (1) Heery's employee manual; (2) Wise's work background; (3) Wise's conversations with Heery's former construction manager, Alan

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

Hevey ("Hevey"); (4) Hevey's work background and attitude at the Heery work site in Old Saybrook, Connecticut, where Plaintiff worked ("Site"); (5) Wise's time at the Site; (6) Wise's practice dealing with sexual harassment claims; (7) Wise's interactions with Plaintiff in 1999; (8) Wise and Hevey's communication regarding Plaintiff in 1999; and (9) Plaintiff's termination, among other things.

Plaintiff's deposition of Wise was comprehensive with respect to the claims raised in Plaintiff's Complaint. Plaintiff's counsel indicated the exhaustive nature of the deposition. See copy of Transcript of January 23, 2003 Deposition of Dan Wise ("Transcript"), pg. 274, lines 16-17, attached hereto as **Exhibit B.** Wise also indicated the exhaustive nature of the deposition. See copy of Transcript, pg. 284, lines 5-6, attached hereto as **Exhibit C.** Plaintiff's counsel, in fact, did not request, demand or even make a reference to a continuance of said deposition at the deposition. See copy of Transcript, pg. 284, line 11, **Exhibit C.**

Significantly, Plaintiff conducted said deposition while Plaintiff was aware of Heery's demand, by way of subpoena, for documents from L.C. Associates. See copy of "Subpoena Duces Tecum", dated May 22, 2002, and "Notice of Deposition", dated May 22, 2002, attached hereto as **Exhibit D**, and was aware that she had not received any said copies herself. Indeed, the Plaintiff only requested documentation from L.C. Associates after Wise's

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

deposition. See copy of "Notice of Deposition", dated February 4, 2003, attached hereto as **Exhibit E.**

### PLAINTIFF'S REQUEST

Despite the extensive deposition of Wise in January, 2003, Plaintiff, now seeks to depose Wise once more, by way of the instant Request. Plaintiff bases its Request on documentation obtained from L.C. Associates, which Plaintiff did not deem essential to her questioning, prior to Wise's deposition in January, 2003. See Request, pg. 5.

In particular, Plaintiff claims that such documents and Mr. Wise's testimony regarding same are relevant and important to resolving Plaintiff's claims of racial discrimination against Heery. See id. at 5-6. The Plaintiff, in fact, relies on a letter, purportedly written by an L.C. Associates employee, David Cowart, to the President of L.C. Associates, Dr. Chuang, in which Dave Cowart complains about his being "singled out" by Terri Doll-Butler, another L.C. Associates employee ("Dave Cowart Letter"). See Request, Exhibit C[1].

### ARGUMENT

According to Rule 30(a) of the Federal Rules of Civil Procedure, absent the written stipulation of the parties, a party must obtain leave of the Court to take the deposition of any

---

[1] The Dave Cowart Letter is devoid of any reference to race or racial discrimination and, at best, refers only to ordinary trials and tribulations found in the workplace. See Request, Exhibit C.

4

Indeed, the Plaintiff could have demanded, before Wise's deposition in January 2003, that Heery's counsel make available the L.C. Associates documents Heery received from L.C. Associates.[2].

At the very least, the Plaintiff could have requested or demanded, at Wise's deposition in January 2003, that said deposition be continued to another date. Plaintiff did not choose to make such a request or demand, choosing, instead, to conclude the deposition. See Transcript, pg. 284, **Exhibit C**.

In sum, the Plaintiff should not be afforded a "second bite at the apple" and subject Mr. Wise to another grueling deposition just because the Plaintiff failed to avail herself of obtaining certain documents beforehand. Plaintiff's Request, for an additional deposition, should therefore be denied.

Second, the Plaintiff's requested additional deposition of Wise will <u>not</u> assist in resolving the issue as to whether Heery discriminated against the Plaintiff on the basis of race. More specifically, L.C. Associates was an independent contractor of Heery. See copy of pages 1-3, 11 of the Heery-L.C. Associates contract, ¶ 3.2, attached hereto as **Exhibit G**. Accordingly, Wise's testimony, concerning documentation about L.C. Associates employee

---

[2] Plaintiff's counsel was copied on the letter from Defendant's former counsel arranging for delivery of the documents in lieu of a formal deposition. See copy of Letter, dated May 22, 2002, attached hereto as **Exhibit F**.

6

complaints to L.C. Associate personnel, will not prove or disprove that Heery discriminated against the Plaintiff, for any reason, let alone on account of her race.

L.C. Associates' employment practices and policies, in fact, are irrelevant as to whether Heery discriminated against Plaintiff on account of her race. As aformentioned, L.C. Associates was a company separate and apart from Heery and was only an independent contractor for Heery. Accordingly, Wise's testimony regarding L.C. Associates' employment practices and policies or regarding L.C. Associate employee complaints to L.C. Associates personnel will not provide information pertinent to the Plaintiff's racial discrimination claims.

In any event, the Dave Cowart Letter only pertains to a perception that he was being "singled out". Said claim, if true, does not tend to prove or disprove that Plaintiff was singled out. Indeed, David Cowart does not claim that he was being "singled out" on account of his race, or on account of his being a member of any other protected class.

## CONCLUSION

In light of the foregoing, this Court should deny the Request. The Plaintiff had ample opportunity to depose Wise before receiving the L.C. Associate documents and chose not to. Accordingly, an additional deposition of Wise should not be permitted, particularly since such deposition would have to be conducted at some distant location. Mr. Wise, in fact, underwent

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699 • JURIS NO. 03840

a lengthy and comprehensive deposition in January 2003, and an additional deposition would be oppressive and unduly burdensome.

Moreover, the Plaintiff seeks this additional deposition to obtain information that will not be relevant to her racial discrimination claims. For this additional reason, the Request should be denied.

WHEREFORE, the defendant, Heery International, Inc., respectfully requests that the Court deny the Plaintiff's Request for an Additional Deposition of Daniel Wise.

DEFENDANT,
HEERY INTERNATIONAL, INC.

By: *Suzanne LaPlante*
SUZANNE LAPLANTE (ct22337)
Berman and Sable, LLC
One Financial Plaza, 20th Floor
Hartford, Connecticut  06103
Tel: (860) 527-9699
Fax: (860) 527-9077
E-mail:slaplante@bermansable.com

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Defendant's Memorandum in Opposition to Plaintiff's Request for Leave to Conduct Additional Deposition of Dan Wise, dated January 26, 2004 was mailed, via U.S. mail, first class, postage prepaid on this 26th day of January, 2004 to:

Holly Quackenbush Darin, Esq.
Michael E. Satti, Esq.
Satti & Satti
225 State Street, Suite 200
New London, Connecticut 06320

_____
SUZANNE LAPLANTE

F:\USERS\SHARED\LIT\Heery-Rollins\Memo in Opp. to Additional Wise deposition..doc

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840