# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONYA ROLLINS,<br><br>               PLAINTIFF,<br>V.<br><br>HEERY INTERNATIONAL, INC.,<br>L.C. ASSOCIATES, INC.<br><br>               DEFENDANTS. | CIVIL ACTION NO.<br><br>3:01CV951 (CFD)<br><br><br><br><br><br>FEBRUARY 4, 2003 |

### NOTICE OF DEPOSITION

NOTICE IS HEREBY GIVEN, pursuant to Fed. R. Civ. P. 30, the Plaintiff, Tonya Rollins, will take the deposition upon oral examination of the Custodian of the Records of L-C Associates, Inc. (the "Deponent") on Monday, February 10, 2003 at 9:30 a.m., at the offices of Satti & Satti, 225 State Street, Suite 200, New London, CT 06320, before a notary public or other competent authority. The Deponent is at that time required to produce documents pursuant to the attached Subpoena Duces Tecum. You are invited to attend and examine the Deponent at such time.

                          THE PLAINTIFF,
                          TONYA ROLLINS

                          By: /s/ Michael Satti
                          Michael E. Satti (Ct. 01311)
                          Holly Quackenbush Darin (Ct. 10183)
                          Satti & Satti
                          225 State Street
                          Suite 200
                          New London, CT 06320
                          (860) 447-8975
                          -Her Attorneys-

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and regular mail, postage prepaid, this 4th day of February, 2003 to the following:

Ursula L. Haerter
Erin O'Brien
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Michael E. Satti

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TONYA ROLLINS | : | CIVIL ACTION NO. |
| | : | 3:01CV951(CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| HEERY INTERNATIONAL, INC., | : | |
| L.C. ASSOCIATES, INC. | : | |
| Defendants | : | JANUARY 31, 2003 |

### SUBPOENA DUCES TECUM

TO:   CUSTODIAN OF RECORDS
L - C Associates, Inc.
1960 Silas Deane Highway
Rocky Hill, Connecticut 06067

BY THE AUTHORITY OF THE STATE OF CONNECTICUT, You are hereby commanded to appear at Satti & Satti, 225 State Street, Suite 200, New London, Connecticut, on Monday, February 10, 2003 at 9:30 a.m. to provide testimony in a deposition before a notary public or other competent authority related to a certain action pending between:

Tonya Rollins
and
Heery International Inc. and
L.C. Associates, Inc.

YOU ARE FURTHER COMMANDED TO BRING WITH YOU AND PRODUCE at the same time and place any and all documentation and materials identified in the attached Schedule A.

HEREOF FAIL NOT, UNDER PENALTY OF LAW.

To any proper officer of indifferent person to serve and return.
Dated at New London, Connecticut this 31st day of January, 2003.

_____
Michael E. Satti
Commissioner of the Superior Court

*Upon receipt please contact Holly Quackenbush Darin or Michael E. Satti at (860) 447-8975.

1

STATE OF CONNECTICUT        :

                                ss.      Town of         2003

COUNTY OF        :

      Then and there I made due and legal service of this subpoena, by reading the same in the hearing of each of the within named witnesses

by leaving a true and attested copy of this subpoena with each of the within named witnesses.

and tendered to each the lawful fees.

FEES:                                        ATTEST:

_____Miles Travel.... $_____
      _____Service........... $_____
      _____Readings.........$_____
      _____Endorsement.....$_____
      _____Fees Paid.........$_____

      TOTAL      $_____                _____
                                             Marshal of        County

                                             Constable
                                             Indifferent Person

## SCHEDULE A

1. All documents produced by L-C Associates to Heery International, Inc. ("Heery") its agents, servants and/or employees in response to a Subpoena Duces Tecum dated May 22, 2002 from Heery which sought:

   a. All the employment records, including personnel files, for the employees of L-C Associates who were assigned to the Document Control Department of the Amtrak High Speed Rail Project in Old Saybrook, Connecticut, including, but not limited to, Theresa Doll-Butler, Kajuana Hamilton, Michele Eligio, Dave Spearly, and David Cowart.

   b. All document related to claims of employment discrimination against L.C. Associates for the period beginning July 1, 1997 to the present, whether presented to the company or filed with an agency or court, involving any employees of L-C Associates who were assigned to the Document Control Department of the Amtrak High Speed Rail Project in Old Saybrook, Connecticut.

2. All documents not previously provided by L-C Associates in its initial disclosures in Rollins v. Heery International, Inc. and L.C.Associates, Inc. 3:01 CV951(CFD) between L - C Associates its agents, servants, and/or employees and Heery International, Inc., its agents, servants, and/or employees regarding Tonya Rollins from October 13, 1997 to the present.

3. All documents not previously provided by L - C Associates in its initial disclosure in Rollins v. Heery International, Inc. and L.C.Associates, Inc. 3:01 CV951(CFD) between L-C Associates, its agents, servants, and/or employees and AMTRAK, its agents, servants, and/or employees regarding Tonya Rollins from October 13, 1997 to the present.

4. Any and all contracts between L - C Associates and Heery International, Inc. relating to the services to be provided by L - C Associates and/or Heery on the Amtrak High Speed Rail Project in Old Saybrook.

5. All documents not produced in response to the above requests relating to any complaints, including but not limited to, complaints of employment discrimination and sexual harassment, against Theresa Doll-Butler by any employees of L - C Associates, Heery and/or Amtrak during the period July 1, 1997 to the present.

6. All documents not produced in response to the above requests reflecting any investigation conducted by L- C Associates and/or Heery regarding any complaints, including but not limited to, complaints of discrimination and sexual harassment, against Theresa Doll-Butler by any employees of L - C Associates, Heery, and/or Amtrak during the period July 1, 1997 to the present.

The term "document" shall include without limiting the generality of its meaning, all non-identical copies (whether different from the original or copy from which it was made by reason of notation made on the copy or otherwise) and original written, recorded, or graphic matter, however produced or reproduced, namely, contracts, agreements, communications, periodical reports or articles, correspondence, telegrams, memoranda, records, books, summaries of recording of telephone conversations, telephone logs, diaries, desk calendars, forecasts, financial statements, audits, balance sheets, information stored on or in computer discs or hard drives, electronic mail, personal notes, profit and loss statements, statistical reports, accountant or client's work papers, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, reports and/or summaries of interviews, reports and summaries of investigations, opinions or reports of consultants, appraisals, reports or summaries of negotiations, facsimiles, vouchers, personal corporate and other business or bank checks (front and back), receipts, bank statements, invoices, bills, ledgers, notes, projections, marginal notations, video recordings, written estimates of costs, computed data, requests for payment, evidences of payment, drafts of any of the foregoing, and all other documents in writings of whatever description. All attachments and/or enclosures to a "document" are deemed part of said document(s).

# EXHIBIT F

# PEPE & HAZARD LLP
A BUSINESS LAW FIRM

GOODWIN SQUARE
225 ASYLUM STREET
HARTFORD, CONNECTICUT 06103-4302
860.522.5175  FACSIMILE: 860.522.2796

URSULA L. HAERTER
Attorney At Law
Direct: 860.241.2648
uhaerter@pepehazard.com

May 22, 2002

Dr. Frank Chuang
L C Associates
1960 Silas Dean Highway
Rocky Hill, CT 06067

Re:  <u>Tonya Rollins v. Heery, International, Inc.</u>

Dear Dr. Chuang:

Pursuant to our telephone conversation earlier today, enclosed please find a Subpoena for the employment records of L C Associates' employees who were assigned to the Amtrak High Speed job site in Saybrook, Connecticut. As we discussed, rather than appearing at our offices with the requested documentation, our office will send someone to pick up the requested files this Friday, May 24, 2002. We will contact you to arrange a time for the pick up. The original files will be returned to your offices after documents of interest have been duplicated.

Please note that the subpoena also requests documents relating to discrimination claims against L C Associates. As we did not discuss the availability of those documents, please advise me if you are unable to have them ready for pick up this Friday.

This letter also confirms that at this time, we are postponing your deposition indefinitely.

PEPE&HAZARD LLP

Dr. Frank Chuang
May 22, 2002
Page 2

Thank you for your cooperation in this matter. If you have any questions regarding the enclosed subpoena or the agreed arrangements for production, please do not hesitate to contact me (860) 241-2648, or Paralegal Debra Collins at (860) 241-2661.

Sincerely,

Ursula L. Haerter

cc: Holly Quackenbush Darin, Esq.
James Shea, Esq.
Richard Nikonovich-Kahn (w/o enclosure)

ULH/31547/2/585342v1
05/22/02-HRT/

**EXHIBIT G**

AGREEMENT BETWEEN HEERY INTERNATIONAL, INC.

AND

L-C ASSOCIATES, INC.

This Agreement, entered into and made effective as of the 18th day of April, 1994, by and between HEERY INTERNATIONAL, INC. (hereafter "Heery") and L-C Associates, Inc. (hereafter the "Subconsultant").

WITNESSETH:

WHEREAS, Heery has entered into a contract with Amtrak (hereafter the "Owner") to provide construction management services associated with the construction of The New Haven (CT) to Boston (MA) Electrification (hereafter the "Project"), as specifically detailed in the Contract (hereafter the "Heery/Owner Contract");

WHEREAS Heery desires to subcontract a portion of its work to the Subconsultant; and

WHEREAS, the Subconsultant agrees to provide such services in accordance with the terms contained and stated herein;

NOW THEREFORE, in consideration of the mutual covenants, promises, conditions, and terms herein contained to be kept and performed, the parties hereto agree as follows:

ARTICLE 1
RELATIONSHIP OF THE PARTIES

1.1   The Subconsultant shall furnish all labor and materials and perform all work necessary to conduct and complete all work described herein; and shall furnish all necessary equipment, supplies and incidentals to complete its work, except those which are hereinafter designated to be furnished by Heery. Control of means and methods of the work of the Subconsultant, including provisions for required or necessary safety precautions for Subconsultant's employees, shall be the sole responsibility of the Subconsultant. The employees furnished by subconsultant to perform the work shall be deemed to be subconsultant employees exclusively, and said employees shall be paid by subconsultant for all services in this connection, and subconsultant shall be responsible for all obligations and reports covering social security, unemployment insurance, worker's compensation, income tax and other reports and deductions required by any applicable state or federal law.

1.2   All work under this Agreement shall be done in a professional, safe and workmanlike manner consistent with the highest quality of services rendered by a prudent Engineering Consultant, in accordance with generally accepted standards of good Engineering practice, and shall be subject to the review and acceptance of Heery. The Subconsultant will be responsible for and will provide qualified personnel required to perform services of the Subconsultant in all matters related to this Agreement.

94301

1

## ARTICLE 2
## STAFFING

2.1 The Subconsultant shall designate an officer or employee to act in the Subconsultant's behalf with respect to the Project. The Subconsultant's representative for the Project is <u>Frank S. Chuang</u>. This representative shall have the authority to approve changes in the scope of the Basic Services and Additional Services hereunder and shall be available during working hours as often as may be necessary to examine information submitted by Heery, to render decisions and to furnish information in a timely manner.

2.2 All personnel assigned to the Project by the Subconsultant shall cooperate with and receive directions from Heery personnel. In the event any of the Subconsultant's assigned staff fail to so cooperate or follow such directions, Heery may, at the election of Heery, meet with the Subconsultant to explain the degree and nature of the failure. If appropriate adjustments in the performance of the assigned staff are not made as a result of this meeting the Subconsultant shall relieve said assigned personnel of their duties, when requested in writing by Heery.

2.3 The Subconsultant was selected largely based upon its ability to provide adequate, qualified and competent staffing. The Subconsultant's failure to provide such staffing may, at the election of Heery, result in termination of this Agreement.

2.4 All personnel of Subconsultant engaged in work hereunder shall be fully qualified and authorized to perform such work under all applicable federal, state and local laws.

2.5 It is further understood that the assignment of personnel to the Project is subject to the prior approval of the Owner, in addition to Heery, and during the performance period of this Agreement, the Owner and Heery reserve the right to accept or reject, based on performance, any personnel assigned to the Project. If during the performance of the work any of the Subconsultant's personnel are rejected by the Owner and/or Heery, Subconsultant shall immediately remove such personnel from the Project. It is further understood that Subconsultant will give Heery thirty (30) days' prior written notice of any proposed changes in the personnel assigned to the Project. Subconsultant may not remove previously approved personnel from the Project unless Heery and Subconsultant agree on an acceptable replacement, or unless the assigned personnel cease to be in the employ of Subconsultant.

2.6 Copies of all notes, field notes, schedules, documents, papers, drawings, plans, records, specifications, reports, estimates, summaries, prints, and other information and materials prepared or developed in connection with this Agreement (hereinafter the "Work Product") shall be owned by Heery and delivered by the Subconsultant to Heery as requested by Heery during the course of the work.

H00861

ARTICLE 3
SERVICES

3.1 BASIC SERVICES

3.1.1 The Subconsultant shall perform those services and furnish the requested personnel necessary to perform the services specified on Exhibit "A" attached hereto and incorporated herein by reference (hereinafter the "Basic Services"). The subconsultant will perform the Basic Services in such manner that they will conform with the provisions of the Heery/Owner contract which is attached hereto as Exhibit "C" and is incorporated herein by reference. In the event this agreement conflicts with the Heery/Owner Contract with respect to the services to be provided or obligations owed to the Owner, the Heery/Owner Contract will govern.

3.1.2 Heery shall have the right at its option to reduce the Basic Services.

3.1.3 The duties of the Subconsultant's personnel shall be as established by Heery and issued to Subconsultant unless Subconsultant and Heery agree otherwise. Subconsultant shall immediately advise Heery if any proposed duties are in excess of the previously approved personnel's competence to provide same, and if so, Subconsultant shall propose substitute personnel capable of competently providing such duties.

3.2 It is expressly understood by and between the parties hereto that Subconsultant is and will be an independent contractor at all times and not a partner or joint venturer with Heery nor is Subconsultant an agent or employee of Heery.

3.3 ADDITIONAL SERVICES

3.3.1 Any services beyond the Basic Services described above shall be performed only as requested and approved in writing by Heery. Authorization to proceed shall be in the form of a written amendment to this Agreement, specifying the work to be performed and the amount (or rate) and method of payment for such services rendered. Each such amendment, after execution by both parties to this Agreement, shall become an integral part of this Agreement.

ARTICLE 4
COMPENSATION

4.1 BASIC SERVICE COMPENSATION

See Exhibit "B"

4.2 ADDITIONAL SERVICES COMPENSATION

4.2.1 With respect to any Additional Services, as described in Article 3 herein, performed by the Subconsultant hereunder, the Subconsultant and Heery shall negotiate an equitable adjustment to the Basic Services Compensation. However, if negotiations are not successful prior to the time the Additional Services are needed, Heery may direct the Subconsultant to proceed with the Additional Services on a time spent basis with Additional Services Compensation to be computed as follows:

3

H00862

IN WITNESS WHEREOF, duly authorized representatives of the parties have signed in confirmation of this Agreement.

SUBCONSULTANT:

By: _____
(Print Name) FRANK S. CHUANG
(Title) PRESIDENT
(Date) 4/18/94

Attest: _____
Secretary

HEERY:

HEERY INTERNATIONAL, INC.

By: _____
(Print Name) W. E. HEITZ
(Title) SVP
(Date) 5-2-94

11

H00870