## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TONYA ROLLINS | : | CIVIL ACTION NO.: |
| Plaintiff, | : | 3:01CV951 (CFD) |
| | : | |
| V. | : | |
| | : | |
| HEERY INTERNATIONAL, INC., | : | |
| Defendant | : | FEBRUARY 3, 2004 |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS AND COSTS

I.    **INTRODUCTION**

This action arises out of alleged employment discrimination against Plaintiff by

Defendant, and alleged retaliation as a result of Plaintiff voicing her complaints.  On or about

December 9, 2002, Defendant filed a prior Motion to Dismiss and for Sanctions and Costs.[1]

In its Supporting Memorandum, Defendant therein described how Plaintiff "unreasonably

refused to produce documents, misrepresented material facts under oath, frequently

contradicted herself under oath, provided incomplete and inadequate responses, and

demonstrated a distinct lack of recall on significant matters."  Plaintiff's egregious behavior

---

[1] Defendant respectfully directs the Court's attention to its Memorandum in Support of such prior Motion and incorporates herein by reference the points and authorities therein cited.

BERMAN AND SABLE LLC
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

and obstruction of the discovery process went to such basic and fundamental issues as her identity, recent employment, and prior arrests or convictions.

On or about August 19, 2003, the Honorable William I. Garfinkel, United States Magistrate Judge, issued a "Ruling on Discovery Motions" ("Ruling") that, <u>inter alia</u>, denied Defendant's Motion to Dismiss and for Sanctions as "procedurally premature, unduly severe and over-broad <u>at this point in the discovery process</u>." (Ruling at 3, emphasis added). More specifically, the Court held that the Defendant had "not set forth clear and convincing evidence showing bad faith on behalf of Rollins, or whether the misstatements constitute a pattern of behavior, or the likelihood of the continuance of the alleged misconduct in the future." (Ruling at 4). That evidence is now at hand and there remains no doubt that Plaintiff "has acted in a manner so prejudicial to affect Heery's ability to defend this litigation so as to warrant dismissal. <u>Id</u>.

## II.   PLAINTIFF'S RECENT SUPPLEMENTAL COMPLIANCE

In the wake of the Court's Ruling on Discovery Motions, Plaintiff and Defendant have exchanged Supplemental Compliances with prior discovery requests. By Supplemental Compliance dated December 15, 2003 (copy attached as <u>Exhibit A</u>) Plaintiff responded to Defendant's Interrogatories in pertinent part as follows:

> 6.   Describe in detail any criminal convictions or guilty
> pleas entered with respect to you or on your behalf.

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699   •   JURIS NO. 03840

ANSWER:

Subject to the previously filed objection and without waiving same, in addition to information previously submitted, the Plaintiff (sic) counsel will submit additional responsive information, if any, as soon as possible.[2]

21. For the period from the beginning of your employment with Defendant Heery until the present, identify each employer, person or entity for whom you have performed services, and/or from whom you have received compensation in any form, and state: the dates of employment; the title of each job or position held; and for each job or position held the nature of the work you performed, the amount of compensation you received, how the compensation was calculated (e.g. hourly, weekly, monthly, yearly), and the benefits you received or were eligible to receive, including but not limited to non-monetary benefits such as health insurance, vacation, sick leave, holidays, and short or long-term disability insurance. (sic)

Subject to the previously filed objection, the Plaintiff discloses the following additional information:

**2002**

Dunkin Donuts, Route 2, Preston, Connecticut, supervisors (sic), began December 31, 2002 until October 10, 2003, receive $8.25/hour on a weekly basis.

**2003**

Krispy Kreme, Mohegan Sun, processor, began October 2003 to the present, $9.00/hour.

---

[2]Plaintiff produced documentation regarding her 1995 conviction for issuing a bad check and her 2001 convictions for operating a motor vehicle without a license and again issuing a bad check.

3

Plaintiff swore on December 16, 2003 that such answers to Defendant's Interrogatories were true and accurate to the best of her knowledge and belief. In point of fact, Plaintiff's answers were false and perjuriously evasive and incomplete. As has consistently been the case, Plaintiff has again prostituted the discovery process with lies of omission and commission, and deception.

Attached hereto as <u>Exhibit B</u> are copies of certified copies of Connecticut Superior Court records establishing the following:

a.   In April 2002, Tonya Rollins was employed by Sally's Beauty Supply, 220 Route 12, Groton, Connecticut.

b.   On June 25, 2002, a Judge of the Superior Court approved the issuance of a warrant for the arrest of Tonya Rollins for larceny from her employer, Sally's Beauty Supply. A copy of the Arrest Warrant Application and Affidavit of the investigating police officer is included as part of <u>Exhibit B</u>.

c.   On July 18, 2002, Tonya Rollins was arrested by the Groton Town Police Department and charged with Larceny in the 4th Degree.

d.   On July 24, 2003, a mere five months before submitting her Supplemental Compliance, Tonya Rollins plead guilty to the charges

4

and was sentenced to a term of one year (execution suspended) and 18 months probation.

None of the above information, not Plaintiff's recent employment at Sally's Beauty Supply nor her more recent felony conviction for stealing from her employer, was included in Plaintiff's Supplemental Compliance.  Tonya Rollins lied about her employment and concealed her most recent arrest and conviction.  This is nothing less than a mockery of the Federal Rules of Civil Procedure, and a fraud upon the Court. The fact that Defendant was able to ferret out the information from other sources does not temper Plaintiff's deliberate obstruction of the orderly adjudication of this case. Tonya Rollins' ongoing abusive conduct and deliberate disregard for the rules all litigants must abide by has now been established by clear and convincing evidence.

III.    **ARGUMENT**

A.      **Plaintiff's Actions Warrant Dismissal of Her Action Under McMunn**

In its prior Ruling on Discovery Motions, the Court viewed McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F. Supp. 2d 440 (S.D.N.Y. 2002) as the guiding precedent.  In that case, the plaintiff deliberately withheld evidence and made blatant misrepresentations regarding her living situation.  Here, Rollins has deliberately withheld

5

evidence concerning recent arrests and convictions and blatantly misrepresented her employment history.

Plaintiff has now crossed <u>all</u> of the judicial lines in the sand drawn by <u>McMunn.</u>

Rollins' misconduct was the product of intentional bad faith. No one "forgets" or "overlooks" a five-month old felony conviction, particularly one for which the individual is currently on probation. Rather than answer a troubling interrogatory truthfully, Rollins sought to finesse the issue by postponing indefinitely a forthright response. By the same token, Rollins was painfully aware of her prior employment at Sally's Beauty Supply since she plead guilty to stealing from that particular employer. Having first concealed her crime, Rollins then deliberately hid from Defendant the scene of the crime, i.e., her erstwhile employer.

Plaintiff's misconduct prejudiced the Defendant. Rollins cannot be heard to say that since Defendant found out the truth, anyway, "what's the harm." Lying responses to discovery are inherently prejudicial, particularly when the truth seems always to be the plaintiff's last option. Defendant has had to devote litigation resources to detective work since nothing the Plaintiff says can be taken at face value. But for Defendant's tenacious pursuit of the truth, it would have been deprived of highly relevant information to which it was clearly entitled as part of the discovery process.

6

Plaintiff's misconduct is not an isolated instance, but rather part of a pattern of misbehavior. Throughout this litigation, Plaintiff has continually prevaricated and dissembled with regard to Defendant's most basic of inquiries, e.g., identity, employment history and criminal record. In its prior Ruling on Discovery Motions, this Court did not take exception to the litany of prior discovery abuses on the part of the Plaintiff. Instead, the Court focused on whether Defendant had shown bad faith on the part of the Plaintiff, a pattern of misbehavior, or the likelihood of the continuance of the alleged misconduct. Plaintiff's most recent lies (whether of commission or omission) clearly and convincingly demonstrate that she is unwilling or unable to tell the truth or appreciate the meaning of an oath.

Plaintiff's misconduct remains uncorrected. Rollins' cavalier answer to Defendant's questions about criminal convictions promised "additional responsive information, if any, as soon as possible." As we now know, "additional responsive information" was then residing in Plaintiff's short-term memory. Presumably, her recollection in any event would have been refreshed with each report to her probation officer. No such additional information has been forthcoming and Defendant doubts that it ever will be.

Plaintiff's misconduct is likely to continue in the future. Rollins has throughout this litigation systematically obstructed the discovery process. Relevant information has been hidden, misstated, or conveniently forgotten. Plaintiff now has failed to disclose a five-month

7

old felony conviction for which she is presently on probation.  Such bad-faith behavior can only be described as deliberate, calculated, and part of an ongoing plan to frustrate and obstruct the discovery process.

To the extent the McMunn factors may not have been satisfied when the Court ruled on Defendant's last Motion for Sanctions, those factors have now been satisfied and Plaintiff by her pathological bad faith has forfeited her right to continue as Plaintiff in this case.

In a subsequent opinion, the Court in McMunn shed additional light on its prior ruling. In McMunn v. Memorial Sloan-Kettering Cancer Center, 2002 WL 1560022 (S.D.N.Y. July 15, 2002), the Court distilled plaintiff's sanctionable conduct to its essence: she "repeatedly dissembled and concealed information about her financial condition in the course of this litigation."[3]  As an example, the Court cited the plaintiff's concealment of the existence of one of her credit cards, a deception that pales in comparison to Rollins' concealment of the existence of a prior felony conviction.  It is submitted that this Court's prior reliance on McMunn does not require slavish adherence to the various "factors" stated therein.  Other courts would agree under the rationale articulated in Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

---

[3] Copies of unreported cases are attached hereto as Exhibit C.

8

In <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115 (1ˢᵗ Cir. 1989), the Court said that for sanctions to be imposed, a plaintiff must have "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate" the action. <u>Id.</u> at 1118. It is sufficient that a party engage in "abusive litigation conduct." <u>Shepherd v. American Broadcasting Cos., Inc.</u>, 62 F.3d 1469 (D.C. Cir. 1995). <u>See also,</u> <u>Pfizer Inc. v. Int'l Rectifier Corp.</u>, 538 F.2d 180 (8ᵗʰ Cir. 1976) <u>cert. den.</u>, 499 U.S. 1040 (1977).

Where, as here, a plaintiff has deliberately and repeatedly abused and defiled the discovery provisions of the Federal Rules of Civil Procedure, a federal court not only has the inherent authority to sanction the litigant, <u>Fidelity Nat. Title Ins. Co. v. Intercounty Nat. Title Ins. Co.</u>, 2002 WL 1433717 (N.D. Ill., July 2, 2002), but also the inherent power to impose the ultimate sanction of dismissal of the action, <u>Diettrich v. Northwest Airlines, Inc.</u>, 168 F. 3d 961 (7ᵗʰ Cir. 1999).

## IV.    CONCLUSION

Plaintiff's abusive litigation conduct is neither happenstance nor coincidence. It is calculated, deliberate and habitual behavior. As such, it is prejudicial to the Defendant, destructive to the legal system and disrespectful to this Court.

9

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9699  •  JURIS NO. 03840

Actions have consequences. Plaintiff has chosen to avoid the white light of discovery by continual deception or selective disclosure. If the Federal Rules of Civil Procedure are to have meaning, and if this Court is to be afforded the respect that is due, then sanctions must be imposed against the Plaintiff to level the playing field and deter future misconduct. Dismissal of this action is justified under all of the attendant circumstances. At the very least, further prosecution of this case by the Plaintiff should be conditioned upon payment of substantial monetary sanctions.

DEFENDANT

By: _Robert L. Keepnews_

ROBERT L. KEEPNEWS (ct06787)
Berman and Sable LLC
One Financial Plaza
Hartford, Connecticut 06103
Tel: (860) 527-9699
Fax: (860) 527-9077
E-mail:rkeepnews@bermansable.com

10

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Memorandum of Law in Support of

Defendant's Motion to Dismiss and for Sanctions and Costs, dated February 3, 2004, was

mailed, via U.S. mail, first class, postage prepaid on this 3RD day of February, 2004 to:

Holly Quackenbush-Darin, Esq.
Michael E. Satti, Esq.
Satti & Satti
225 State Street, Suite 200
New London, Connecticut  06320


ROBERT L. KEEPNEWS

11

**BERMAN AND SABLE LLC**
ONE FINANCIAL PLAZA, HARTFORD, CONNECTICUT 06103
(860) 527-9899  •  JURIS NO. 03840

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **TONYA ROLLINS** | : | **CIVIL ACTION NO.** |
| | : | **3:01CV951(CFD)** |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **HEERY INTERNATIONAL, INC.,** | : | |
| **L.C. ASSOCIATES, INC.** | : | |
| **Defendants** | : | **DECEMBER 15, 2003** |

### PLAINTIFF'S SUPPLEMENTAL COMPLIANCE WITH DEFENDANT HEERY INTERNATIONAL, INC.'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFF

The Plaintiff submits the following supplemental responses to the Defendant Heery's First Set of Interrogatories and Requests for Production.

## II.    INTERROGATORIES

1.    State your full name and each name, by which you have been known, specifying the timeframe that corresponds to each name.

ANSWER:  Tonya Rollins, Tonya Johnson, Tonya Vernon.  Not sure of dates.

6.    Describe in detail any criminal convictions or guilty pleas entered with respect to you or on your behalf.

ANSWER:

Subject to the previously filed objection and without waiving same, in addition to information previously submitted, the Plaintiff counsel will submit additional responsive information, if any, as soon as possible.

1

17.     Identify any documents that relate to any damages you claim.

In addition to documents already provided, attached please see 2002 tax return.

21.     For the period from the beginning of your employment with Defendant Heery until the present, identify each employer, person or entity for whom you have performed services, and/or from whom you have received compensation in any form, and state: the dates of employment; the title of each job or position held; and for each job or position held the nature of the work you performed, the amount of compensation you received, how the compensation was calculated (e.g. hourly, weekly, monthly, yearly), and the benefits you received or were eligible to receive, including but not limited to non-monetary benefits such as health insurance, vacation, sick leave, holidays, and short or long-term disability insurance.

Subject to the previously filed objection, the Plaintiff discloses the following additional information:

**2002**

Dunkin Donuts, Route 2, Preston, Connecticut, supervisors, began December 31, 2002 until October 10, 2003, receive $8.25/hour on a weekly basis.

**2003**

Krispy Kreme, Mohegan Sun, processor, began October 2003 to the present, $9.00/hour.

24.     State your total earnings from any employment, including self-employment, as well as any income received from any other sources, during the period of

January 1, 1997 to present; and the source or sources of such earnings; if more than one source, please specify the amount for each source and the dates during which it was received.

ANSWER:

     In addition to information previously provided, please see response to Interrogatory #21 above and 2002 tax return attached hereto.

     25.    To the extent not otherwise requested in these interrogatories, describe in detail all efforts, whether or not successful, you engaged to mitigate you alleged damages, after separation from employment with Defendant Heery.

ANSWER:

     In addition, to information previously provided, see response to Interrogatory #24 above.

## DOCUMENT REQUESTS

     Please produce the following:

     4.    Copies of all state and federal tax returns and supporting forms and schedules that you filed, either individually or jointly, from 1998 until the present.

     In addition to documents previously provided, please see 2002 income tax returns.

     8.    All documents that you believe or allege support your claim that you have suffered damages arising from your employment with Defendant Heery.

     In addition to documents previously provided, please see 2002 income tax returns attached hereto.

10.    All documents that reflect or relate to any criminal convictions or guilty pleas entered with respect to you or on your behalf.

The Plaintiff submits the attached documents pertaining to her initial response to Interrogatory 6.

15.    To the extent not otherwise requested in these requests for production, all documents which reflect or relate to any attempts by you, whether successful or unsuccessful, to mitigate your alleged damages.

In addition to documents previously provided, please see 2002 income tax returns attached hereto.

16.    A fully executed authorization for release of employment records, in the form attached hereto as Exhibit A.

Subject to the Plaintiff's previously filed objection, please see executed authorization attached hereto.

17.    A fully executed authorization for release of medical records, in the form attached hereto as Exhibit B.

Please see authorization attached hereto.

THE PLAINTIFF,
TONYA ROLLINS

By: _____
Michael E. Satti (Ct. 01311)
Holly Quackenbush Darin (Ct. 10183)
Satti & Ryan, LLP
225 State Street
Suite 200
New London, CT  06320
-Her Attorneys-

4

## CERTIFICATION

    The undersigned hereby certifies that the foregoing has been hand-delivered, this 16th day of December 2003 to all counsel and pro se parties of record as listed below:

Robert L. Keepnews
Suzanne M. LaPlante
Berman & Sable
100 Pearl Street
Hartford, CT 06103

Holly Quackenbush Darin

## <u>OATH</u>

I hereby certify that I have reviewed the foregoing supplemental responses to the Defendant' Heery's First Set of Interrogatories and Requests for Production and that they are true and accurate to the best of my knowledge and belief.

Tonya Rollins

Subscribed and sworn to before me this _16_ day of December, 2003.

Holly Quackenbush Darin
Commissioner of the Superior Court

6