# EXHIBIT B

INFORMATION
JD-CR-71 Rev 9-98    B/F    DOB 7/13/o5

STATE OF CONNECTICUT
SUPERIOR COURT

2002-9713

DISPOSITION DATE

| TITLE, ALLEGATION AND COUNTS | |
|---|---|

STATE OF CONNECTICUT VS. *(Name of accused)*
ROLLINS, TONYA, L

G.A. NO. 10

DOCKET NO. 267679

The undersigned Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut on oath of office charges that said Deputy Assistant State's Attorney has reason to believe and does believe that:

ADDRESS
30 Cliff Street, Norwich, CT

TO BE HELD AT *(Town)*
New London

COURT DATE
8/15/02

FIRST COUNT - DID COMMIT THE OFFENSE OF
Larceny 4h

AT *(Town)*
Groton

ON OR ABOUT *(Date)*
7/2/01-4/20/02

IN VIOLATION OF GENERAL STATUTE NO.
53a-125

| | CONTINUED TO | PURPOSE | REASON |
|---|---|---|---|
| | 9-6 | P | 4-7 X |
| | 10 18 X | | 5-5 X |
| | 11-29 X | | 710 XA |
| | 12-30 X | | |
| | 1-23 03 X | | |
| | 2-24 X | | 53 X BCe |
| | 3-18 X | | 724 XA |

SECOND COUNT - DID COMMIT THE OFFENSE OF

AT *(Town)*    ON OR ABOUT *(Date)*    IN VIOLATION OF GENERAL STATUTE NO.

THIRD COUNT - DID COMMIT THE OFFENSE OF

AT *(Town)*    ON OR ABOUT *(Date)*    IN VIOLATION OF GENERAL STATUTE NO.

☐ SEE OTHER SHEET(S) FOR ADDITIONAL COUNTS

DATE 6/20/02

SIGNED *(Deputy Asst. State's Attorney)*

| COURT ACTION | |
|---|---|

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA (JUDGE)    (DATE)

BOND $2,000 N/S
BOND CHANGE

☐ 10%   ☐ CASH

ELECTION
☐ CT  ☑ JY

SEIZED PROP. INVENTORY NO.

☐ ATTORNEY   ☐ PUB. DEFENDER   GUARDIAN

| COUNT | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | REMIT | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 1 | SEP 16 2003 | NG | AUG 28 2003 | | | $ | $ | 1yr e/s : 18 mos Prob |
| 2 | | | | | | $ | $ | Restitution @ $25 per mo for a total of $805 |
| 3 | | | | | | $ | $ | DF $200 Cost $5 |

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|
| FEB 24 2003 | PUBLIC DEFENDER Heiley | |
| JUN 24 2003 | Factual basis for plea; Plea found to be voluntary | |

STATE OF CONNECTICUT
SUPERIOR COURT
RECORDS CENTER

SEP 16 2003

CERTIFIED COPY

BY

TITLE

RECEIPT NO.

COST  ☐ IMP  ☐ NCI

BOND INFORMATION
☐ BOND FORFEITED   ☐ FORFEITURE VACATED   ☐ FORFEITURE VACATED AND BOND REINSTATED

APPLICATION FEE - RECEIPT NO. IF PAID

CIRCLE ONE  W  I  Q

PROGRAM FEE - RECEIPT NO. IF PAID

CIRCLE ONE  W  I  Q

PROBATION FEE - RECEIPT NO. IF PAID

CIRCLE ONE  W  I  Q

STATE'S ATTORNEY ON ORIGINAL DISPOSITION    REPORTER/MONITOR ON ORIG. DISP.    SIGNED *(Clerk)*    SIGNED *(Judge)*

| G.A. NO. | DATE | ARREST WARRANT |
|---|---|---|
| 10 | 6-25-02 | STATE OF CONNECTICUT |

TO: Any Proper Officer of the State of Connecticut

By AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to arrest the body of the within-named accused. *("X" all that apply)*

- [ ] A. Accused is ordered to be brought before a clerk or assistant clerk of the Superior Court.
- [ ] B. Accused is not entitled to bail.
    If A, B or both are checked above, you shall without undue delay bring the arrested person before the clerk or assistant clerk of the Superior Court for the geographical area where the offense is alleged to have been committed, or if the clerk's office is not open, to a community correctional center within said geographical area, or the nearest community correctional center if no such center exists in the geographical area, or to the Correctional Institution, as the case may be.
- [ ] C. Bail set at
- [X] D. Conditions of release not determined by court.

EXTRADITION BOUNDARIES ESTABLISHED BY PROSECUTOR

| BY THE COURT | SIGNED (Judge of the Superior Court) |
|---|---|

| G.A. NO. | TOWN OF | RETURN ON ARREST WARRANT | | |
|---|---|---|---|---|
| 10 | GROTON | | DATE 7 18 02 | STATE OF CONNECTICUT |

Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within-named accused and read the same in the hearing of said accused, and have said accused here in court for examination.

ATTEST *(Officer's signature and Department)*    GROTON Town P.D.

| DATE | OTHER COURT ACTION | JUDGE |
|---|---|---|

JD-CR-71 (back)  Rev. 9-98

ARRE... RRANT APPLICATION
JD-CR-6... 10-93 ...
PR. BK. 593, 593A, 594
GEN. STAT. 54-2a
2002-9713
Page 1 of 3

Case 3:01-cv-00951-CFD   Document ... Filed 02/05/2004   Page 4 of 8

STATE OF CONNECTICUT
SUPERIOR COURT -

| | |
|---|---|
| FOR COURT USE ONLY | |

Supporting Affidavits Sealed
YES ☐   NO ☐

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A NO. |
|---|---|---|
| Tonya Rollins, 30 Cliff Street, Norwich, CT | New London | 10 |

## APPLICATION FOR ARREST WARRANT

Larceny 4th 53a-125

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...
☒ affidavit below ... ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 6/20/02 | SIGNED (Prosecutorial Official) |
|---|---|---|

## AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

1. That the affiant, Kathleen Pendleton, is a Patrol Officer with the Groton Town Police Dept., Groton, CT since May 1985. The affiant has received formal training and gained experience in the investigation of criminal matters similar to those as set forth below.

2. That on 4/23/02 this affiant was dispatched to Sally Beauty Supply, 220 Route 12, Groton, CT for a larceny complaint. This affiant met with the complainant, Kevin O'Neil, the loss prevention manager, who reported a theft of inventory by two employees. O'Neil stated that Sally Beauty Supply district manager, Ronald Iacobucci had advised him of a theft problem at the Groton store and that he set up a video surveillance to film the cashier registers from 4/9/02 to 4/11/02. During this surveillance, O'Neil identified two employees, Tonya Rollins and Karma Smith who were involved in larcenies from this store.

3. That O'Neil stated that employee Tonya Rollins was videotaped doing merchandise give aways (allowing persons to leave the store without paying for product) totaling approximately $109.36 during this three day period. O'Neil also stated that employee Karma Smith was videotaped doing merchandise give aways totaling approximately $145.33 during this three day period. O'Neil stated that no other current employees were involved in thefts from this store during the surveillance.

4. That on 4/16/02 O'Neil interviewed Tonya Rollins at Sally Beauty Supply. O'Neil stated that at that time, Rollins gave a verbal admission stating that she was responsible for a total of $866.96 worth of merchandise leaving the store without being paid for over a six week period. Rollins would not give a written statement or sign a restitution agreement at that time and did not want this complaint documented.

5. That on 4/22/02 O'Neil interviewed Karma Smith at Sally Beauty Supply. At that time Smith gave a written admission stating that she had been responsible for a total of $882.00 worth of merchandise leaving the store

| DATE & SIGNATURE | DATE 6/19/02 | SIGNED (Affiant) Kathleen Pendleton 721 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 6/19/2002 | SIGNED (Judge, Clerk, Comm Sup. Ct., Notary Pub) |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 6-25-02 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

*(OVER)*

ARREST WARRANT APPLICATION
JD-CR-64  Rev. 10-93
PR. BK. 593, 594
GEN. STAT. 54-2a

2002-9713

Page 2 of 3

| | FOR COURT USE ONLY |
|---|---|
| | Supporting Affidavits Sealed |
| | ☐ YES   ☐ NO |

NAME AND RESIDENCE *(Town)* OF ACCUSED
Tonya Rollins, 30 Cliff Street, Norwich, CT

COURT TO BE HELD AT *(Town)*
New London   G.A.NO. 10

APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the ...

☒ affidavit below   ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 6/20/02 | SIGNED *(Prosecutorial Official)* |
|---|---|---|

AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

without being paid for over a seven week period. Smith would not sign a restitution agreement because she felt the court would give her more time to pay this amount back to the company.

6. That on 4/29/02 Karma Smith came to Groton Town Police Department for a voluntary interview regarding the theft of merchandise at Sally Beauty Supply. Smith stated that she was hired at Sally's on 2/7/02 and approximately one month later she became aware that certain people were allowed to leave the store without paying for all the merchandise they had. Smith stated that there was a system set up prior to her starting to work at Sally's and that she became involved in it. Smith stated that these merchandise give aways only happened when she was working with Tonya Rollins and not any other current employees. Smith stated that she believes that she was personally responsible for $600 to $800 in merchandise leaving the store without being paid for. Smith stated that she would only give away small items, not high ticket items, and that she never took any cash. Smith stated that the only benefit she personally received was that Rollins would punch her in after her break was up if she didn't get back in time. Also Rollins would let her leave a little early and Rollins would then punch her out. Smith stated that this system was set up to exchange services with other people in the beauty supply business, such as salons, hairdressers and barbers.

7. That this affiant interviewed former employees, Sharey Sease and Tameka Warley. Both Sease and Warley denied any involvement in the theft of merchandise at Sally Beauty Supply. Sease stated that she was aware of a minor shoplifting problem because she would find empty boxes in the store. Sease also stated that she never witnessed customers or employees leave the store without paying for their merchandise. Warley stated that she was hired at Sally's in August 2001 and stopped working there in February 2002. Warley stated that numerous persons would come to the store with merchandise they wanted to exchange but would have no receipt. She believed this merchandise came from the Norwich store. Warley stated that she heard rumors that Tonya Rollins was caught stealing from Sally's, but she never saw Tonya take anything or allow anyone else to do so. Warley

| DATE & SIGNATURE | DATE 6/19/02 | SIGNED *(Affiant)* W. Kathleen Pendleton 721 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 6/19/2002 | SIGNED *(Judge, Clerk, Comm Sup. Ct., Notary Pub.)* |

FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 6-25-02 | SIGNED *(A Judge of the Superior Court)* |
|---|---|---|

*(OVER)*

STATE OF CONNECTICUT
SUPERIOR COURT

2002-9713

Page 3 of 3

| | FOR COURT USE ONLY |
|---|---|
| | Supporting Affidavits Sealed |
| | ☐ YES   ☐ NO |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A.NO. |
|---|---|---|
| Tonya Rollins, 30 Cliff Street, Norwich, CT | New London | 10 |

APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the  · · ·
☒ affidavit below  · · ·   ☐ affidavit(s) attached.

| DATE & SIGNATURE | DATE 6/20/02 | SIGNED *(Prosecutorial Official)* |
|---|---|---|

AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

also stated that a lot of people would come to the store and ask her if Tonya was working then leave if she was not there.

8.  That this affiant made numerous attempts to contact Tonya Rollins to arrange for an interview. On 5/24/02 this affiant received a phone call from a female who stated that she had information regarding the investigation at Sally Beauty Supply. This female refused to give her name but stated that the others were all lying about their involvement in the thefts at Sally Beauty Supply. This female caller also stated that the new manager was the girlfriend of one of the males seen on the video tape taking merchandise from Sally's. That based on this statement, this affiant believes that this anonymous caller was Tonya Rollins, who had been shown the video tape by O'Neil. This affiant told this caller that Rollins needed to come for an interview. The caller denied being Rollins but stated that she could relay this message to Rollins. Tonya Rollins has not contacted this affiant for an interview.

9.  That based on the facts and circumstances contained within this affidavit, this affiant believes that probable cause exists and requests an arrest warrant be issued. Tonya Rollins is a black female, DOB 7/13/65, 5'7", 130 lbs., with red hair and brown eyes. Her SS# is 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, SPBI/SID # is CT00377519, FBI # is 873435VA3, and CT license # is 075062118.

| DATE & SIGNATURE | DATE 6/19/02 | SIGNED *(Affiant)* Det. Kathleen Pendleton 721 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 10/19/2002 | SIGNED *(Judge, Clerk, Comm Sup. Ct., Notary Pub)* Sgt. S. S. |

FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 6-25-02 | SIGNED *(A Judge of the Superior Court)* |
|---|---|---|

*(OVER)*

**ORDER OF PROBATION**
JD-CR-66 Rev. 12-99
C.G.S. §§ 18-78, 53a-29, 30, 31, 32, 33, 54-260, 108

**STATE OF CONNECTICUT**
**SUPERIOR COURT**



### TO: The Defendant named below

| FROM (Judicial District or G.A.) | AT (Town) | JUDGE ORDERING PROBATION | DOCKET NO. |
|---|---|---|---|
| GA-10 | New London | McMahon | CR02-0267679S |

| NAME OF DEFENDANT | DATE SENTENCED | SENTENCED TO A TERM OF |
|---|---|---|
| Rollins, Tonya L. | 07/24/2003 | 1yr es |

| MODIFICATION OF ORIGINAL SENTENCE (Specify new sentence) | DATE OF MODIFICATION |
|---|---|
| | |

CRIME(S) CONVICTED/ADJUDICATED OF (Include General Statute sections violated)
53a-125 Larceny 4th degree

Execution of the above sentence is suspended, effective: ☒ **IMMEDIATELY**   ☐ **AFTER** _____

subject to an **ORDER OF PROBATION:**

| FOR A PERIOD OF | TO COMMENCE |
|---|---|
| 18mos | ☒ IMMEDIATELY   ☐ ON THE DAY YOU ARE RELEASED FROM IMPRISONMENT |

### NOTICE TO DEFENDANT

You have been convicted/adjudicated of the crime(s) specified above in violation of the Connecticut General Statute(s) stated above and are hereby sentenced to the custody of the Commissioner of Correction or said Commissioner's agent for the term described above, execution suspended as shown above, subject to an order of probation for the period specified above.

During the period of such probation, if you do not comply with the order set forth below, the Court may issue a warrant for your arrest, revoke your probation and require you to serve the above sentence, or may change the term or the conditions of your probation.

*(Connecticut General Statute 53a-32)*

It is ordered and adjudged that:

a. Execution of said sentence be suspended to the extent shown above and that said defendant be placed on probation under the charge and supervision of the Court Support Services Division/Probation, for the period of probation above shown.

b. Said defendant during the probationary term fixed shall abide by the written statement of the conditions of probation furnished by the probation officer and the instructions given regarding the same.

c. Said defendant shall abide by the following conditions of probation in addition to those that may be imposed by the Court Support Services Division/Probation (C.G.S. § 53a-30b):

1. If convicted of a violation of General Statutes Section 53-21(2), 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a, or 53a-72b, immediately notify your supervision officer whenever you change your residence address.
   Restitution @ $75 per mos. for a total of $800.

| SIGNED (Clerk) | | DATE SIGNED |
|---|---|---|
| *N. Rollins* | By Order of the Court | 07/24/2003 |

DISTRIBUTION: ORIGINAL and COPY 1 - Supervision Officer    COPY 2 - Court File

| NAME OF ACCUSED (Last, First, M.I.) ROLLINS, TONYA, L | | | | | FPC | | | | 1376892 |
| NO., STREET, CITY AND STATE 30 CLIFF ST. 3     NORWICH    CT | | | | | | | | COMPANION U.A.R. NO. | |
| SEX F | RACE B | DATE OF BIRTH 07/13/1965 | PLACE OF BIRTH CENTERE, AL | SOCIAL SECURITY NO. 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 | HT 506 | WT 130 | HAIR BLK | EYES BRN | DOCKET NO. 10-2167679 |
| ALIAS/MAIDEN NAME JOHNSON, TONYA L | | | ALIEN REG. NO. | OPERATOR'S LICENSE NO. 075062118 | | | | STATE CT | DATE AND TIME ARRESTED 07/18/2002 20:32 |
| ☐SURETY ☐DETAINED | AMOUNT OF BOND $2000.00 | | ☐ CASH ☑ OTHER | COMMERCIAL/HAZ. MAT. ☐CDL ☐CV ☐HM | | TOWN OF ARREST GROTON | | | TOWN OF OFFENSE GROTON |
| CHARGE(S) AND STATUTE NO. 53a-125  Larceny 4th Degree | | | | F.V.  ALC.  NAR. ☐ ☐ ☐ G.A. NO. 10 | | COURT DATE 08/01/2002 | | | S.P.B.I. NO. CT  00377519 |
| ARRESTING OFFICER DAWSB | | SHIELD NO. 765 | | SIGNATURE OF ACCUSED X Tnya Rollins | | DATE FINGERPRINTED 07/18/2002 | | | F.B.I. NO. 879435VA3 |
| DEPARTMENT, OR TROOP/ORI Groton Town Police Departme | | | A59 | P.D. ID NO. AA59071820022032 | | P.D. CASE NO. 2002-9713 | | SIGNED - OFFICIAL TAKING PRINTS NOTE AMP | |

**UNIFORM ARREST REPORT** JD-CR-21 Rev. 11-95

*Paperwork not timely* COURT ORIGINAL