FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------
TONYA ROLLINS,                  :
                                :
    Plaintiff,                  :   CIVIL ACTION NO.
                                :   3:01-cv-951 (CFD)
    -against-                   :
                                :
HEERY INTERNATIONAL,            :
            INC.                :
                                :
    Defendant.                  :
-------------------------------
```

## RULING ON DISCOVERY MOTIONS

Currently pending before this Court are the defendant, Heery International's ("Heery") motion to dismiss and for sanctions and costs (Dkt. # 36); Heery's motion for a status conference (Dkt. # 64); the plaintiff Tonya Rollins' motion to compel and motion for sanctions (Dkt. # 46); the plaintiff's motion for sanctions (Dkt. # 65).

## BACKGROUND

The plaintiff, Tonya Rollins, alleges she was discriminated against based on her race and sex in violation of Title VII of the Civil Rights Act of 1964. Rollins also claims Heery unlawfully retaliated against her following her written and oral complaints regarding the defendant's discrimination against her.

Tonya Rollins is an African American female See Pl. Compl. at 3. Rollins was hired by Heery as a Data Operator in its Documents Control Department on or about October 13, 1997. Id. On April 21, 1999, Rollins filed a written complaint with the defendant objecting to Heery's discriminatory hiring practices. Rollins based her complaint on Heery's promotion of less-experienced, Caucasian candidates for the available managerial position

1

and its failure to promote her. See Pl. Compl. at 3-4. In early June of 1999, Rollins also complained of sexual harassment. See Pl. Compl. at 5. On June 16, 1999, Rollins filed complaints of discriminatory employment practices based on her sex and race against Heery with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). On August 13, 1999 Heery terminated Tonya Rollins. On October 29, 1999, Rollins filed a second CHRO complaint against the Defendant based on its termination of her employment in retaliation for her complaints of racial discrimination and sexual harassment. Id.

## DISCUSSION

### I. Defendant's Motion to Dismiss and for Sanctions and Costs

Presently pending before this court is defendant's motion to dismiss for sanctions and costs based on claims of abusive discovery conduct on behalf of the plaintiff (Doc. #36). For the reasons stated below defendant's motion to dismiss and for sanctions is DENIED as follows.

Heery filed a motion to dismiss and for sanctions (Doc. # 36) under Federal Rules of Civil Procedure Rule 37 in accordance with Local Rule 9(d), and the "inherent power of the court to fashion an appropriate sanction for conduct which abuses the judicial process." See Def. Mem. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). The defendant argues that the plaintiff's conduct during the discovery process has been so egregious as to warrant the dismissal of all the plaintiff's claims with prejudice, in addition to court-imposed sanctions and attorney's fees.

In short, the defendant enumerates the following conduct by the plaintiff as a general basis for court-imposed sanctions: (1) failure to respond to discovery issues; (2) failure to set deposition dates; (3) failure to produce documents; (4) misrepresentation of material facts under oath; (5) incomplete and inadequate responses during a deposition. Def. Mem. ¶¶. 2-12, see Ex. C, D, E. The plaintiff Rollins denies a lack of cooperation with the defendant regarding discovery matters. Pl. Opp'n Mem. ¶¶. 1-4, see Ex. A, B, C. The

2

plaintiff argues that the defendant's motion to dismiss and for sanctions is unfounded and fails to meet the procedural prerequisites under the Federal Rules of Civil Procedure. Id. at 5-6.

The Fed. R. Civ. P 37(a) provides, "a party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery..." Further, under Rule 37(b) (2) it is only after a party "fails to obey an order to provide or permit discovery, that the court may award appropriate sanctions against a party." Heery's failure to further pursue alternate means of attaining discovery requests, before moving the court to impose sanctions, precludes this court from considering the more severe penalties available under Rule 37. The dismissal of the plaintiff's claims and court-imposed sanctions upon the plaintiff and counsel would be procedurally premature, unduly severe, and over-broad at this point in the discovery process.

The Defendant's motion to dismiss and for sanctions also invokes a broader remedy located in the "inherent power of the courts to fashion an appropriate sanction for conduct which abuses the judicial process." See Def. Mem.; (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). Sanctions of this nature require that the non moving party knowingly hinders the fact finder's ability to adjudicate the case, thus creating a fraud upon the court; the moving party must show clear and convincing evidence of the abusive conduct. McMunn v. Memorial Sloan-Kettering Cancer Center, 191 F. Supp. 2d 440 (S.D.N.Y. 2002).

The action in McMunn arose out of a wrongful termination claim. The court held that the plaintiff's misconduct during the discovery process was outrageous and highly prejudicial to the defendant employer's ability to carry-out the fact-finding process. During discovery, the plaintiff spoiled relevant evidence by deliberately withholding evidence and making blatant misrepresentations regarding her living situation, a material witness and credit cards. McMunn 191 F. Supp. 2d at 447-461. In determining whether the plaintiff's

3

misconduct was abusive, the court considered the following factors: (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future. McMunn, 191 F. Supp. 2d 447.

Heery claims that the contradictory and evasive quality of plaintiff Rollins' deposition testimony is comparable to the conduct categorized as abusive in McMunn. As discussed above, the defendant brings the Court's attention to misstatements about the plaintiff's name, social security number, employment history, prior convictions and litigation history. Heery argues that information pertaining to these areas of the plaintiff's life are reasonably calculated requests which could lead to the discovery of admissible evidence; the plaintiff's failure to provide consistent and forthright answers to deposition questions clouds the discovery process, and brings into question the credibility of the plaintiff's testimony. Def. Memo.

Unlike McMunn, the plaintiff's actions in the present case do not rise to the level of misconduct required for severe sanctions requested by Heery. Taking into consideration the full range of factors set-out in the McMunn test, the defendant has not set forth clear and convincing evidence showing bad faith on behalf of Rollins, or whether the misstatements constitute a pattern of behavior, or the likelihood of the continuance of the alleged misconduct in the future. The Court finds the defendant has not shown that the plaintiff has acted in a manner so prejudicial to affect Heery's ability to defend this litigation so as to warrant dismissal. For the foregoing reasons, defendant's motion to dismiss and for sanctions is DENIED.

4

AO 72A

## II. Plaintiff's Motion to Compel and Motions for Sanctions

### A. Plaintiff's Motion to Compel and for Sanctions

Currently pending before this court is plaintiff's motion to compel (Doc. # 46). For the reasons stated below plaintiff's motion is GRANTED in part and DENIED in part as follows:

Plaintiff has moved to compel Heery to provide full and complete responses to interrogatories Nos. 10-22 in its production request dated March 5, 2002. As summary, these interrogatories seek identification of individuals involved in the processing and investigating the Plaintiff's claims of discriminatory conduct while employed by the Heery. Defendants object to the plaintiff's production requests under Connecticut General Statutes § 31-128a et seq, attorney-client privilege; and generally, that the requests are overly broad and vague. Def. Opp. Memo. The Court finds that interrogatories 10-18[1] are relevant to Plaintiff's suit and reasonably calculated to lead to the discovery of admissible evidence; with respect to interrogatories 20-22, the motion is DENIED without prejudice until the plaintiff can further show the relevance of its requests to the litigation of its case.

Plaintiff has moved to compel Heery to provide full and complete responses to Production Request No. 12-14, which seek the following information: (1) any and all documents regarding the duties performed by any employee in the position of Assistant Supervisor Document Control for the period October 13, 1997 through the present; (2) any and all documents, notes, memoranda, or electronic mail concerning the training of any employee in his/her duties in the position of Assistant Supervisor Document Control; (3) any and all documents concerning attendance relating to the Plaintiff and/or any employee of the Defendant in the Document Control Department for the period of October 13, 1997

---

[1] Plaintiff has moved to compel Heery to provide full and complete response to Production Request No. 10 and No. 11, which seeks complete copies of Jeffrey Kyner and Veronica Wright's personnel files during their employment by the defendant. The Defendant withdrew its objections to producing the two personnel files, and is thus moot.

5

through August 13, 1999. The Defendant objects to each of these production requests under Conn. Gen. Stat. §31-128, also on the basis of vagueness, and attorney-client privilege. The Court finds that plaintiff's production request is reasonably calculated to lead to the discovery of admissible evidence, and the motion is GRANTED with respect to them.

Plaintiff has moved to compel Heery to provide a full and complete response to Production Request No. 15, which seeks any and all documents supporting and/or relating to the affirmative defenses filed in this action. The Court finds that plaintiff's production request is reasonably calculated to lead to the discovery of admissible evidence, and the motion is GRANTED with respect to it.

Plaintiff moved to compel Heery to provide a full and complete response to Production Request No. 16, which seeks any and all documents concerning the salary and benefits of any employee holding the position of Assistant Supervisor Document Control received from the Defendant from 1997 to the present. Defendant objects to this production request on grounds of confidentiality under Con. Gen. Stat. §31-128, attorney-client privilege, and also that the request is vague, overly broad, seeking information that is immaterial to the cause of action. The court finds that the plaintiff's production request is relevant to the calculation of the damages, and thus reasonably calculated to lead to the discovery of admissible evidence and the motion is GRANTED with respect to it.

Plaintiff has moved to compel Heery to provide a full and complete response to Production Request No. 17, which seeks any and all documents, notes, memoranda or electronic mail relating to communications or conversations between John Popoff, Alan Hevey, Dan Wise, Terri Doll-Butler, Jeffrey Kyner and any officer, director, agent or employee of Heery concerning any supervisor or employee in the Document Control Department for the period October 13, 1997 through August 13, 1999. Defendant objects to th request on grounds of confidentiality under Con. Gen. Stat. §31-128, attorney-client privilege, and also that the request is vague, overly broad, seeking information that is

6

AO 72A
(Rev. 8/82)

immaterial to the cause of action. The Court finds that plaintiff's production request is reasonably calculated to lead to the discovery of admissible evidence and the motion is GRANTED with respect to it.

Plaintiff has moved to compel Heery to provide a full and complete responses to Production Requests Nos. 18 and 19, which seek the following information: (1) any and all documents evidencing the specific dates after August 1999 that any Heery employee assigned to work on the construction administration services project for Amtrak in Old Saybrook, ceased working at the Old Saybrook location and/or work-site, including but not limited to those employees in the Document Control Department; any and all documents relating to and/or evidencing the transfer of any Heery employee, assigned to work on the construction administrations services project for Amtrak in Old Saybrook as of August, 1999, including employees in the Document Control Department, to any other Heery location and/or work-site. Defendant objects to these production requests on that grounds that it is vague and overly broad. The Court GRANTS the motion with respect to the plaintiff's production requests to the extent it reaches Heery employees similarly-situated to Rollins. See, e.g., Szczepanski v. Town of Wolcott, 2001 Conn. Super. LEXIS, at *4 (September 19, 2001) (holding plaintiff's discovery requests were unduly broad and ordering the plaintiff to "make a specific request for information which sets forth the issues in the case to which the information sought will relate.")

Plaintiff has moved to compel Heery to provide a full and complete response to Production Requests Nos. 20-22, which seek the following information: (1) any and all documents, not previously produced in response to the foregoing requests for production, between any officer, director, agent, servant and/or employee of Heery and any officer, director, agent, servant and/or employee of L.C. Associates relating to the Plaintiff during the period 10/13/97 to the present; (2) any and all documents, not previously produced in response to the foregoing requests for production, between any officer, director, agent,

7

servant and/or employee of Heery and/or L.C. Associates and any officer, director, agent, servant and/or employee of Amtrak relating to the Plaintiff during the period October 13, 1997 to present; (3) any and all documents, not previously produced in response to the foregoing requests for production, between any officer, director, agent, servant, and/or employee of Heery and any officer, director, agent, servant and/or employee of Amtrak relating to the Plaintiff during the period October 13, 1997 to the present. Defendant objects to these production requests on the grounds that the request is vague, overly broad and unlimited in time and scope and that the request is also in violation of attorney-client privilege. The court DENIES the motion with respect to the plaintiff's production requests without prejudice as overly broad, unless the plaintiff can show the relevance of its requests and how its requests would lead to the discovery of admissible evidence.

### B. Plaintiff's Motions for Sanctions

Currently pending before this court are plaintiff's motions for sanctions. The court finds no reasonable basis for granting such severe penalties. The plaintiff has not shown a pattern of misconduct or bad faith on behalf of the defendant; the plaintiff has not been unduly prejudiced in her prosecution of her case. The defendant has not failed to comply with a court order to compel production,[2] but instead has withdrawn its objections to discovery requests Nos. 10-11[3] and also made claims that the discovery requests (Nos. 18-22) are overly board and burdensome in their current form. For the foregoing reasons, the Court DENIES plaintiff's motions for sanctions.

---

[2] See docket minute entry, CFD took motion to compel under advisement but did not grant motion.
[3] See infra, note 1.

8

AO 72A
(Rev. 8/82)

## CONCLUSION

For the foregoing reasons, Heery International's motion to dismiss and for sanctions and costs (Dkt. # 36) is DENIED; Heery's motion for a status conference (Dkt. # 64) is GRANTED; the plaintiff's motion to compel and motion for sanctions (Dkt. # 46) is GRANTED in part and DENIED in part; the plaintiff's motion for sanctions (Dkt. # 65) is DENIED.

The parties shall contact chambers of the undersigned for a telephonic status conference on September 23, 2002 at 10:00 am. Defendant's counsel shall initiate the telephone call to (203) 579-5593 with counsel for all parties on the line.

So ordered this 14th day of August 2003, at Bridgeport, Connecticut.

William I. Garfinkel
U.S. Magistrate Judge

9

AO 72A
(Rev. 8/82)