UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TONYA ROLLINS | : | CIVIL ACTION NO. |
| | : | 3:01CV951(CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| HEERY INTERNATIONAL, INC., | : | |
| L.C. ASSOCIATES, INC. | : | |
| Defendants | : | FEBRUARY 21, 2002 |

**PLAINTIFF'S COMPLIANCE WITH
DEFENDANT HEERY INTERNATIONAL, INC.'S
FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFF**

Pursuant to Rules 26(b), 33 and 34 of the Federal Rules of Civil Procedure, and the local rules governing practice and procedure in the District Court of Connecticut, including and incorporating the definitions section of D. Conn. L. Civ. R. 39, Defendant Heery International, Inc. (hereinafter referred to as "Defendant Heery"), hereby propounds the following Interrogatories and Requests for Production to be responded to by the Plaintiff, Tonya Rollins (hereinafter referred to as "Rollins" or "Plaintiff"), within thirty (30) days of the date of service of these discovery requests. The production of documents and responses should be directed to Pepe & Hazard LLP, Goodwin Square, Hartford, Connecticut 06103-4302. (Attn: Ursula L. Haerter, Esq.)

In answering these interrogatories and requests for production, Plaintiff hereby is instructed to furnish all information available to her, including information in her possession, custody or control or in the possession, custody or control of any person acting on her behalf, and not merely such information as is known or her own personal knowledge. If Plaintiff cannot answer any part of any of these interrogatories in full after

2.    State the name and address for each person who has consulted, or who otherwise contributed in any way to the answering of these Interrogatories.

ANSWER:    Not applicable.

3.    List and describe in detail the nature of any and all claims, lawsuits, actions, complaints, formal or informal which you have ever made to anyone or any entity in the course of your employment with Defendant Heery, or relating to that employment, whether or not direct harm or injury was claimed.

ANSWER:

OBJECTION: The Plaintiff objects to this interrogatory on the basis that it is overly broad, unduly vague and ambiguous. In addition, as framed it seeks information which is irrelevant and will not lead to the discovery of admissible evidence. Specifically, it is unclear whether the Defendant is seeking to discovery claims made by the Plaintiff while employed by the Defendant and specifically relating to the Plaintiff's employment or whether it seeks to discover claims made by the Plaintiff unrelated to her employment at Heery. It is also unclear what is meant by the terms "claims", "complaint" and "actions." As framed said request could arguably seek to discover every time the Plaintiff might have complained that the heat was too high or low, which is not only irrelevant but would be virtually impossible for the Plaintiff to recollect.

Furthermore, to the extent the request seeks to discovery "formal" complaints made by the Plaintiff while employed at Heery, this information is more readily available to the Defendant Heery than to the Plaintiff.

6

Notwithstanding the foregoing and without waiving same, the Plaintiff filed no lawsuits in state or federal superior court during the period of time she was employed by Heery and relating to her employment with Heery, but did file a complaint at the Commission on Human Rights and Opportunities on or about June 15, 1999 alleging discrimination and retaliation. In addition, after she was terminated she filed an additional complaint with the Commission on Human Rights and Opportunities on or about October 28, 1999 alleging that her termination was in retaliation for the filing of the former CHRO complaint.

In addition the Plaintiff recalls making the following complaints during her employment with Heery relating to the issues contained in her complaint:

1. On or about April 21, 1999 the Plaintiff complained in writing of unfair and discriminatory treatment in the hiring of Jeffrey Kyner. She also made the same complaints orally to Terri Doll-Butler. See Memo to Human Resources dated April 21, 1999 previously provided to the Defendant as part of the Plaintiff's initial disclosures.

2. On May 26, 1999 the Plaintiff complained to Vice Pres. David J. Carol of AMTRAK about the discriminatory hiring practices she was being subjected to by the Defendant Heery.

3. On June 2, 1999 the Plaintiff complained to Alan Hevey re: unwelcome physical touching by Jeffrey Kyner of her breast and her face, as well as his inappropriate workplace touching of his immediate supervisor Doll-Butler. See June 2, 1999 memo to Alan Heevey and excerpts from Jeffrey Kyner's diary dated June 3, 1999 previously provided to the Defendant in the Plaintiff's initial disclosures.

7

4.    List and describe in detail the nature of any and all claims, lawsuits, actions, complaints, formal or informal which you have ever made to anyone or any entity in connection with any employment situation, other than with Defendant Heery, whether or not direct harm or injury was claimed.

ANSWER:

**OBJECTION**: The Plaintiff objects to this request to the extent it is overbroad, unduly vague and ambiguous. In addition, it seeks information which is irrelevant and will not lead to the discovery of admissible evidence.

Specifically, it is unclear what is meant by the terms "claims", "complaint" and "actions" or the phrase "employment situation." Further, the request spans an unlimited period of time and seeks information which is not only irrelevant to the issues contained in the Plaintiff's complaint, but well beyond the time frame of the events at issue in the Plaintiff's complaint.

Notwithstanding the foregoing and without waiving same the Plaintiff recalls a claim brought against Super 8 by herself and another employee, Angela Moffett regarding as best as she can recall unfair treatment in the payment of wages. The

8

Plaintiff has no documentation on this matter and does not recall the date that she made this claim nor the resolution thereof.

    5.    List and describe in detail the nature of any and all claims, lawsuits, actions, complaints, formal or informal, which have ever been made against you.

ANSWER:

**OBJECTION:**   The Plaintiff objects to this interrogatory on the basis that it is unduly broad, vague and ambiguous. Specifically it is unclear what is meant by the terms "claims" "actions", "complaint" and "actions". In addition, the request spans an unlimited period of time and seeks information which is irrelevant and will not lead to the discovery of admissible evidence.

    6.    Describe in detail any criminal convictions or guilty pleas entered with respect to you or on your behalf.

ANSWER:

**OBJECTION:**   The Plaintiff objects to this interrogatory on the basis that it is unduly broad since it is unlimited in time, and seeks information which is irrelevant and will not lead to the discovery of admissible evidence.

Notwithstanding the foregoing and without waiving same, the Plaintiff was arrested for issuing back checks in the summer of 2001. The Plaintiff made restitution to Colortyme and Odd Job for $100.00 and $69.00 respectively, and received a year's probation.

7.    Identify each and every person (other than your attorney) with whom you have discussed any of the claims asserted in the Complaint.

ANSWER:   Kajuana Hamilton

8.    Identify every document you have or had in your possession that relates to or supports or is evidence of the allegations in your Complaint.

ANSWER:   In addition to the documents previously provided to the Defendant Heery the Plaintiff's initial disclosure, the Plaintiff attaches the entire CHRO files, any and/or all of which supports the allegations contained in the Complaint, her income tax returns which also support the damages sought by the Plaintiff in her complaint, and miscellaneous written documents/jokes given to the Plaintiff by Jeffrey Kyner.

9.    Describe in detail the facts supporting the allegations as set forth in paragraph 16 of your Complaint that you performed the duties assigned the Assistant Supervisor in the Documents Control Department, including without limitation the dates you performed those duties and the duties you performed.

ANSWER:

OBJECTION:   The Plaintiff objects to the interrogatory on the basis that the information sought is already in the possession of the Defendant Heery. Notwithstanding the foregoing and without waiving same the Plaintiff performed the duties on numerous

10

occasions during her employment with Heery. Specifically, the Plaintiff performed the duties of Assistant Supervisor while Kajuana Hamilton was out on medical leave, but does not recall the specific date. However, the dates Kajuana Hamilton was out on medical leave are in the Defendant's files.

In addition, when the Assistant Supervisor was on lunch or at business meetings, the Plaintiff was expected to act in the capacity of supervisor. This was ongoing.

The Plaintiff also trained Jose Romero, David Cowart, Dave Speerly, Jeffrey Kyner, and her temporary replacement for her maternity leave and provided her with a do's and don'ts list. She also had to explain and train other employees regarding the operation of the drawings department.

In addition, see Letter dated July 21, 1999 from Michele Eligio previously provided to the Defendant setting forth additional supervisory duties which the Plaintiff undertook.

10.    Describe in detail the complaints made to Mr. Hevey as set forth in paragraph 20 of your complaint.

ANSWER:

OBJECTION: The Plaintiff objects to this interrogatory on the basis that paragraph 20 refers to one complaint made to Mr. Hevey and in fact sets forth in detail the complaint made.

Notwithstanding the foregoing and without waiving same, on June 2, 1999 the Plaintiff complained to Mr. Hevey that Mr Kyner had touched her breast and her face making her feel uncomfortable. In addition, the Plaintiff told Mr. Hevey that she did not appreciate the written jokes which were constantly appearing on her desk from Mr.

11

Kyner. Further, the Plaintiff complained that she felt uncomfortable with Jeffrey Kyner's touching of Doll-Butler in the workplace.

11.    Describe in detail the facts supporting the allegations as set forth in paragraph 31 of the First Count of your Complaint, including without limitations what actions by Mr. Kyner are referenced, when and where those actions took place, who witnesses those actions, and how those actions substantially interfered with your work performance.

ANSWER:

When the Plaintiff returned from maternity leave in February, 1999 the Plaintiff met Mr. Kyner who was then a temporary employee and he touched her face. Thereafter, he was continually touching her face, up to the date the Plaintiff filed her complaint with Mr. Hevey on June 2, 1999. This interfered with the Plaintiff's work because she worked in the same cubicle with Mr. Kyner.

In addition, Mr. Kyner was engaging in what the Plaintiff felt was inappropriate touching with Ms. Doll-Butler such that it made the Plaintiff uncomfortable because it also occurred in many instances in the Plaintiff's cubicle. This touching occurred up to the date the Plaintiff made a complaint on June 2, 1999 to Mr. Hevey.

Also at some point after the Plaintiff came back from maternity leave, Mr. Kyner began leaving inappropriate written jokes and materials on the Plaintiff's desk.

On June 2, 1999 Mr. Kyner touched the Plaintiff's breast and her face causing the Plaintiff to complain to Mr. Hevey.

Even after the Plaintiff complained, Mr. Kyner continued to place inappropriate written jokes on the Plaintiff's desk. Specifically, on July 21, 1999 Mr. Kyner left a written document entitled "HOW TO DETECT A 2-WAY MIRROR" on the Plaintiff's desk.

12.     Describe in detail the factual basis for your allegations as set forth in paragraph 34 of the First Count of your Complaint that three less experienced Caucasians were hired.

ANSWER:

On May 8, 1998, a caucasian was hired for the position who had no prior experience with either L.C. Associates or Heery. In contrast, the Plaintiff had been employed by Heery for approximately seven months in its Document control Department.

In October, 1998, a temporary employee who had been working as a word processor for approximately five (5) months was hired for the vacant position. In contrast, the Plaintiff had been employed for over a year.

In April, 1999, Mr. Kyner was selected and he too had been a temporary employee. At the time of this selection, the Plaintiff had worked in a supervisory function in the Department on several occasions, including performing the duties of Assistant Supervisor Document control for five (5) weeks while an individual was out on medical leave.

13     Describe in detail all work duties referenced in paragraph 39 of the Third

13

Count of your Complaint which Mr. Kyner is alleged to have removed from you,
Including when you were assigned the duties and by whom, and when and how the duties
were removed from you.

ANSWER:

After Mr. Kyner became the Supervisor, the Plaintiff was no longer allowed to
contact BBC, even though the Plaintiff had previously done this. This duty was given to
Jose Romero.

The Plaintiff was no longer allowed to go to Ciels for photocopies, although this
was previously part of her duties. This duty was also given to Jose Romero.

The Plaintiff had formerly checked and entered TRN's (drawings) in the
computer. The majority of this work was taken away from her by Mr. Kyner who
assigned this duty to Jose and himself.

In addition, although the Plaintiff had formerly been expected to and responsible
for answering questions regarding the department, Mr. Kyner no longer permitted this.
Instead, individuals were instructed to go to Mr. Kyner.

14.    Describe in detail all unfavorable work conditions referenced in paragraph
39 of the Third Count of your Complaint, which you allege Jeffrey Kyner imposed upon
you, including the time periods during which you claim they were imposed.

ANSWER:

In addition to removing most if not all of the Plaintiff's prior duties as set forth
above, Mr. Kyner closely monitored the Plaintiff's work, her lunches and breaks, her
attendance and her whereabouts, but did not monitor any other employee.

14

15.    Describe in detail all sexually harassing conduct prohibited by Title VII referenced in Paragraph 44 of the Fourth Count of your Complaint to which you claim Jeffrey Kyner subjected you.

ANSWER:

See response to Interrogatory 11 above.

16.    State the factual basis for your claim that Defendant Heery's threat of disciplinary action was because of your complaints of discriminatory practices.

ANSWER:

At the time the Plaintiff complained to Mr. Carol of Amtrak, Mr. Carol who was the Vice President of Amtrak had an open door policy for workplace issues and had a sign on his door requesting that any subcontractor employee could address and bring any workplace concerns to him.  At the time of making the complaint, she had never been advised that she was not to report or discuss workplace issues with a client.  However, despite this fact, less than a day after complaining to Mr. Carol, she received a letter of Heery allegedly "clarifying" Heery's complaint process and threatening disciplinary action.

15

17.    Identify any documents that relate to any damages you claim.

ANSWER:

OBJECTION:  The Plaintiff objects to this interrogatory to the extent it seeks information covered by the attorney work product and/or the attorney-client privilege. See attached privileged log.

Notwithstanding the foregoing and without waiving same, documents contained in the Plaintiff's personnel file indicating the amount she received as an employee of Heery (which documents are already in Heery's possession) as well as her income tax returns which are attached relate to the damages claimed by the Plaintiff.

18.    State the method of computation for each type of damage you are seeking as represented in Plaintiff's Damage Analysis dated November 9, 2001.  In providing the information responsive to this interrogatory, please state the gross amount of such damages and state the net amount of damages after describing the sources and taking into account any mitigation of those damages you have accomplished, including but not limited to the gross amount of unemployment compensation and earned income received.

ANSWER:

OBJECTION:  The Plaintiff objects to this interrogatory on the basis that it seeks information which is attorney-client privilege, attorney work product, is vague and seeks information which is solely meant to harass the Plaintiff.  Specifically, it is unclear what it meant by the "method of computation."

16

Notwithstanding the foregoing and without waiving same, the attorney fees calculation is based upon the number of hours the Plaintiff's law firm spent on the file as of October 31, 2001.  With respect to the backpay calculations contained in the damage analysis, the Plaintiff estimates that employees in the Assistant Supervisor Document Control position received approximately $20.00 per hour at the time she was terminated and thus from May 1998 until November 2001 the Plaintiff estimates the wages she would have earned are $140,800, less the amounts she received from other sources of approximately $16,528.9 ( including unemployment compensation) for a total of $124, 271.04.

19.     State all the facts upon which you base your claim for punitive damages.

ANSWER:

OBJECTION: The Plaintiff objects to this interrogatory to the extent that the facts supporting the claim for punitive damages are set forth in the extensive allegations contained in the complaint dated May 25, 2001.

Notwithstanding the foregoing and without waiving same, in short as set forth in detail in the complaint, the Plaintiff's claim for punitive damages arises from the Defendant's willful discrimination and harassment of the Plaintiff Rollins and its reckless disregard for whether its conduct violated the law, as well the Defendant's willful and unlawful retaliation against the Plaintiff for filing claims of discrimination and harassment.

17

20.    Please identify all health care providers, including but not limited to doctors, counselors, psychiatrists, psychologists, therapists, substance abuse counselors, and others from whom you sought or received any diagnosis, treatment or other service which respect to any damages you claim Defendant caused you. For each such health care provider, please state: the dates on which you sought a diagnosis, treatment and/or other service; the nature of the diagnosis, treatment and/or service received; the length of time for which you received treatment and/or other services; the present status of the condition for which you sought a diagnosis; treatment and/or other services; and whether you are continuing to receive any form of treatment or counseling from such health care provider.

ANSWER:

None.

21.    For the period prior to the beginning of your employment with Defendant Heery, identify each employer, person or entity for whom you performed services, and state for each employer, person, or entity, the following: the dates of employment; the title of each job or position held, the dates each job or position was held; and for each job or position held the nature of the work you performed, the number of positions held of any superiors, the number and positions held of any subordinates, any supervisory authority with which you were vested and/or which you exercised, and the amount of compensation you received.

ANSWER:

18

OBJECTION:  The Plaintiff objects to this interrogatory on the basis that it is vague and overbroad.  Specifically, it is unclear what is meant by the phrase "from the period prior to the beginning of your employment with Defendant Heery".  As phrased this encompasses every position the Plaintiff ever held prior to commencing employment with Heery.

Furthermore, the Plaintiff objects to this request to the extent is seeks information regarding the number and positions held of any superiors and/or subordinates since this information is not available to the Plaintiff, nor is it relevant.  In addition, the information relating to compensation received is likewise not relevant not does the Plaintiff recall the amount of compensation she received.

Notwithstanding the foregoing and without waiving same, the Plaintiff sets forth the following information regarding her employment history from 1991 until she became employed at Heery as best as she can recall.

Prior to commencing employment with Heery, the Plaintiff was employed by the as an Emissions Clerk for Groton Motor Vehicles, 487 Gold Star Highway, Groton, CT 06340.  Her duties included data entry, customer service, typing and filing and well as acting as an inspector.  The Plaintiff does not recall the exact dates she was employed by Groton Motor Vehicles, but believes that it was from February 1995 until December, 1995.

The Plaintiff was thereafter employed as Housekeeping Assistant for Super 8 Motel, 239 Long Hill Road, Groton, CT 06340.  Her duties included maintaining quality control, bank deposits and errands, recording reservations and cash transactions, housecleaning duties, answering phone and customer service.  In addition, she was

19

responsible for hiring and training staff and supervising and assigning duties each morning to an approximate staff of 10-15. The Plaintiff is uncertain as to the exact dates which she worked for Super 8.

Subsequent to her employment at Super 8, the Plaintiff worked for the DEP as a Data Entry Clerk and her duties included but were not limited to data entry, handling of boating certificates including review and correction of documents as needed, updating data base entries, and typing. She worked there just prior to beginning employment at Heery.

22.    Describe in detail all efforts, whether or not successful, you engaged in to obtain employment, after your separation from employment with Defendant Heery, including without limitation and limitations you placed on any job search, such as salary requirements, geographical limitations and level of responsibility required.

ANSWER:

The Plaintiff has been engaged in an extensive effort to find employment since her separation from Heery. She has placed no limitations on her job search and salary has been open and in fact noted on several applications that she was willing to travel.

She has sought employment with Greyhound Bus Lines and Aetna Insurance but was unsuccessful. In addition, she placed applications in almost every store in the Crystal Mall in Wallingford.

See response to interrogatory 23 below for a list of the positions in which the Plaintiff has been employed.

20

23.    For the period from the beginning of your employment with Defendant Heery until the present, identify each employer, person or entity for whom you have performed services, and/or from whom you have received compensation in any form, and state: the dates of employment; the title of each job or position held; and for each job or position held the nature of the work you performed, the amount of compensation you received, how the compensation was calculated (e.g. hourly, weekly, monthly, yearly), and the benefits you received or were eligible to receive, including but not limited to non-monetary benefits such as health insurance, vacation, sick leave, holidays, and short or long-term disability insurance.

ANSWER:

OBJECTION:   The Plaintiff objects to this request to the extent it seeks information regarding the Plaintiff's employment with Heery since any such information is already in the Defendant Heery's possession.  In addition, to the extent that said interrogatory seeks information on benefits received, this information is irrelevant since the Plaintiff has not sought damages for the loss of benefits.

Notwithstanding the foregoing and without waiving same, the Plaintiff provides the following response:

During the period of time the Plaintiff was employed by Heery she received no compensation from any other entity.

Since the Plaintiff left Heery, the Plaintiff identifies the following entities for whom she has provided services:

21

**2000**

Burlington Coat Factory, New London Shopping Center, Sales clerk, September, 2000, $7.00/hour weekly.

Healthcare Visions, Inc./ Beechwood Manor, New London, CT, per diem cook. Plaintiff does not recall the exact dates she worked for Beechwood but she earned approximately $181.00.

Dunkin Donuts, Waterford, CT, sales clerk, end of 2000 until approximately 1st week of August, 2001, received $8.00/hour on a weekly basis.

Young Mens Ch, YMCA, daycare provider, received $92.00. The Plaintiff does not recall the specific dates in 2000 that she worked at the YMCA.


**2001**

Dunkin Donuts – see above.

Sally's Beauty, Sales/Keyholder, began work in August, 2001 to the present, 37 hours per week at $7.00/ hours.




24.    State your total earnings from any employment, including self-employment, as well as any income received from any other sources, during the period of January 1, 1997 to present; and the source or sources of such earnings; if more than one source, please specify the amount for each source and the dates during which it was received.

22

ANSWER:

The Plaintiff objects to this interrogatory to the extent it seeks information relating to 1997 which is irrelevant to this lawsuit.

Notwithstanding the foregoing objection and without waiving same, Plaintiff submits the following response:

| | | |
|---|---|---|
| 1997 | | $7,288 (the Plaintiff does not recall if this amount is solely attributable to Heery. The Plaintiff believes this amount is also for compensation she received from the DEP. |
| 1998 | Heery International | 20,542 (See attached 1998 income tax return) |
| 1999- | Heery International | 12,391 (Up to August, 1999) |
| | State of CT | 4,845 (Unemployment compensation) |

See attached 1999 income tax return.

2000    See attached income tax return.

2001    Information not yet available – will submit when it becomes available.

See response to interrogatory 24 above for the approximate dates worked by the Plaintiff which is the only information available to the Plaintiff to show dates she received the earnings listed above.


25.    To the extent not otherwise requested in these interrogatories, describe in detail all efforts, whether or not successful, you engaged to mitigate you alleged damages, after separation from employment with Defendant Heery.

23

ANSWER:

    The Plaintiff has continually sought employment since leaving she was terminated by the Defendant Heery. See income tax returns attached hereto and responses to Interrogatories 22 through 24 above.

## DOCUMENT REQUESTS

Please produce the following:

    1.    All documents that were referred to in preparing answers to, or that relate to, describe or contain any of the information sought in any of the foregoing interrogatories.

    Any documents referred to and/or relating to interrogatory responses above have either been provided to the Defendant Heery in the Plaintiff's initial disclosures, is already in the Defendant's possession, (i.e. the Plaintiff's personnel file) and/or are attached.

    2.    All documents prepared by you, received by you, or currently in your possession that refer or relate to the allegations in the Complaint that the Defendant violated Title VII.

    OBJECTION: The Plaintiff objects to this request for production to the extent it seeks information covered by the attorney-client privilege and/or has already been provided to the Defendant in the Plaintiff's initial disclosures.

24

Notwithstanding the foregoing and without waiving same, the Plaintiff has attaches the complete CHRO files, her income tax returns, and miscellaneous written documents/jokes provided by Mr. Kyner to the Plaintiff.

3.      All documents or other materials reflecting or relating to any communications between you and any other persons or entity, other than your attorneys, regarding the allegations in the Complaint that the Defendant violated Title VII.

The Plaintiff is not aware of any communications between herself and any other person or entity regarding the allegations in the Complaint, other than those documents contained in the CHRO files which are attached hereto.

4.      Copies of all state and federal tax returns and supporting forms and schedules that you filed, either individually or jointly, from 1998 until the present.

Copies of income tax returns for 1998 through 2000 are attached. The income tax return for the year 2001 is not yet available and will be provided to the Defendant when it becomes available.

5.      All documents that you provided to the Connecticut Commission on Human Rights and Opportunities or the Equal Employment Opportunity Commission with respect to the allegations in the Complaint.

Attached.

6.      To the extent not otherwise requested in these Interrogatories and Requests for Production, all documents that refer or relate to any of the allegations in the Complaint.

None other than those documents attached pursuant to Request for Production #2.

25

7.    All documents that constitute, reflect or relate to employer or policy manuals, employee benefits information, summary plan descriptions, health insurance information an other benefits information or documents that you received from any employer or other entity for which you have performed any work or services since August 13, 1999.

OBJECTION:  The Plaintiff objects to this request for production on the basis that it seeks information which is irrelevant to this lawsuit.  The Plaintiff has made no claim for damages due to loss of benefits.

8.    All documents that you believe or allege support your claim that you have suffered damages arising from your employment with Defendant Heery.

See income tax returns attached hereto.

9.    All documents that reflect or relate to your performance, including but not limited to any commendations or criticism that you received, or any disciplinary action that was taken against you, while you were employed by Defendant Heery and any previous or subsequent employer.

OBJECTION:  The Plaintiff objects to this request on the basis that it overly broad and seeks information which is irrelevant to this lawsuit.  Specifically, it is unlimited as to the time frame it spans.  In addition, any documents relating to the Plaintiff's employment with the Defendant Heery are already in the Defendant's possession.

10.    All documents that reflect or relate to any criminal convictions or guilty pleas entered with respect to you or on your behalf.

26

The Plaintiff has no such documents at this time. To the extent that the Plaintiff is able to obtain copies of any documents relating to the matter set forth in interrogatory ____ above, the Plaintiff will submit them to the Defendant.

11. Copies of all complaints, affidavits and pleadings in any administrative action or lawsuit in which you are or were at any time a party.

See CHRO files attached hereto.

12. All documents that reflect or relate to your experience, including without limitation supervisory experience, in any employment positions you held prior to your employment with Defendant Heery, including but not limited to, any position descriptions, commendations or criticisms, or disciplinary actions you gave other employees, payroll documents, business or professional development plans, and business organization charts.

The Plaintiff has no such documents at this time.


13. All documents that you mailed, delivered or otherwise provided by any means to any prospective employer from the commencement of your employment with Defendant Heery to the present.


OBJECTION: The Plaintiff objects to this interrogatory on the basis that it is vague and overbroad and seeks information which is irrelevant to this lawsuit. Specifically, although limited in its time frame, as framed the request seeks any document the Plaintiff may have provided to any of her employers, which could include a phone message for the employer.

27

14.    All documents that you received from any prospective employer from the commencement of your employment with Defendant Heery to the present.

OBJECTION:   The Plaintiff objects to request for production #14 on the basis that it seeks information which is irrelevant to this lawsuit.

15.    To the extent not otherwise requested in these requests for production, all documents which reflect or relate to any attempts by you, whether successful or unsuccessful, to mitigate your alleged damages.

See income tax returns attached hereto. No other documents available at this time.

16.    A fully executed authorization for release of employment records, in the form attached hereto as Exhibit A.

The Plaintiff objects to the authorization attached as Exhibit A to the extent that it is overbroad. Information regarding the Plaintiff's medical records has no bearing on the issues relating to the Plaintiff's complaint. In addition, the Plaintiff's entire past employment record which is arguably 20 years or more is not relevant.

17.    A fully executed authorization for release of medical records, in the form attached hereto as Exhibit B.

OBJECTION: The Plaintiff objects to this interrogatory on the basis that it is seeks information which is irrelevant and immaterial to this lawsuit. The Plaintiff has not sought treatment from any medical providers as a result of the allegations contained in the complaint and thus no authorization is necessary.

THE PLAINTIFF,
TONYA ROLLINS

By: _____

Michael F. Satti (Ct. 01311)
Holly Quackenbush Darin (Ct. 10183)
Satti & Ryan, LLP
225 State Street
Suite 200
New London, CT  06320
-Her Attorneys-

## CERTIFICATION

The undersigned hereby certifies that the foregoing has been hand-delivered, this 21st day of February 2002 to all counsel and pro se parties of record as listed below:

Ursula L. Haerter
Pepe & Hazard, LLP
Goodwin Square
Hartford, CT  06103-4302

Margaret J. Strange
James Shea
Jackson, Lewis, Schnitzler & Krupman
55 Farmington Avenue, Suite 1200
Hartford, CT  06105

_____
Holly Quackenbush Darin

29

## VERIFICATION

I, Tonya Rollins, hereby certify that the above responses to Defendant's First Set of Interrogatories and Requests for Production, dated December 11, 2001, are correct and accurate to the best of my knowledge and belief.

Tonya Rollins                                             2/21/02

Tonya Rollins                                             Date

Subscribed and sworn to before me this 21st day of February, 2002.

Commissioner of the Superior Court

1